## TEAGARDEN *v.* GARVER and Another.

APPEAL.—REVENUE STAMPS.—A motion was made in the Court of Common Pleas to dismiss an appeal from a justice of the peace, because neither the certificate of the justice, nor the appeal bond, was stamped with the appropriate revenue stamp. Leave was granted to attach the stamps, the justice canceling the stamp upon his certificate, and one of the obligors that upon the bond. The motion to dismiss the appeal was afterward sustained.

*Held*, that if the want of proper stamps rendered the certificate and bond insufficient, the appellant had a right, under the statute, to have the certificate amended, and to file a sufficient bond.

*Held*, also, that as the alleged defect in the certificate and bond was cured by attaching the proper stamps, it was error to dismiss the appeal.

*Held*, also, that while the statute requires, in such case, that a bond shall be filed "to the acceptance of the court," it is error to refuse a bond, if there is no valid objection to it.

*Held*, also, that the cancellation by one of the obligors of the stamp attached to the bond was sufficient.

APPEAL from the *Fountain* Common Pleas.

ELLIOTT, C. J.—Suit before a justice of the peace. The appellant appealed to the Court of Common Pleas, and filed an appeal bond in due time, which the justice approved.

In the Common Pleas, the appellees moved to dismiss the appeal, because neither the appeal bond nor the justice's certificate to the transcript was stamped with a *United States* revenue stamp. By permission of the court, proper stamps were attached to the appeal bond and justice's cer-

tificate, and were canceled, the one by the appellant, and the other by the justice of the peace. But the court afterward, over the defendant's objection, dismissed the appeal.

This, we think, was an error. We do not now determine whether, under the act of Congress, stamps were required to these papers, nor the still more important question as to the power of Congress to declare void the writs, &c., pertaining to suits brought in the courts of this state, for the want of such stamps. The latter question is now pending in this court in several cases in which its decision may be necessary. A proper disposition of this case, however, does not require that we should pass upon either.

The statute regulating appeals from justices of the peace requires the justice, on the filing of a proper appeal bond, to make out and certify a complete transcript of all the proceedings had before him, and transmit the same to the proper court, &c., and provides that no such appeal shall be dismissed for a failure of the justice to transmit a proper transcript within the time required by the statute, "nor for the insufficiency of the bond, if the appellant will file a sufficient bond to the acceptance of the court" to which the cause is appealed.

It was the duty of the justice to certify up a proper transcript, and if his certificate was insufficient for any cause, it was the right of the appellant to have it amended. The objection to it was the want of a stamp, and the justice amended it by affixing the stamp and canceling it, and if the want of a stamp rendered it defective, the defect was cured by attaching it. And so with the appeal bond. It was a bond; the justice had approved it as such, and granted the appeal. If the want of a stamp rendered it void, then it was not a sufficient bond; but the appellant had the right to file a sufficient one, which he did by attaching the stamp to the old one, and making it sufficient. True, the statute requires that it must be to the acceptance of the court, but if no valid objection existed to it when stamped, and

the stamp canceled, it was error in the court to refuse to accept it, and dismiss the appeal. The appeal bond was executed by two obligors, and the stamp was attached and canceled by only one of them, which, we think, was sufficient. The object of the act of Congress is to raise revenue, and the stamps are required to be canceled to prevent their use a second time. This was fully accomplished by one of the obligors canceling it, as required by the act of Congress.

The judgment below is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Tipton* and *Davidson,* for appellant.

*Tipton* and *Davidson,* for appellant.
*Milford* and *Milford,* for appellee.