*D. E. Palmer* and *E. B. Glasgow*, for appellant.

*J. A. Woodhull* and *W. G. Croxton*, for appellee.

---

Muckenburg *v.* Holler.

HUSBAND AND WIFE.—DIVORCE.—During marriage, a husband erected a building upon real estate belonging to his wife, upon an agreement that he should receive the rents until reimbursed for his expenditures. Afterwards, and before he had received any rents, the wife applied for a divorce, and pending her application, it was agreed in writing that in compromise of the husband's claim, the wife should pay him a certain sum, one day after the divorce should be granted. Suit by the husband, alleging these facts and a failure to pay the sum agreed upon.

*Held*, that the agreement to pay the sum named when the divorce should be granted was against public policy and void.

·*Held*, also, that as alimony is an incident to a suit for a divorce, and in adjusting alimony all matters of property between the parties are to be considered, the legal inference is that the claim of the plaintiff for the improvements on the wife's land was adjusted and settled in the divorce suit.

APPEAL from the *Marion* Common Pleas.

FRAZER, C. J.—The appellee was the plaintiff below. The complaint was in two paragraphs, but inasmuch as the finding and judgment against the appellant were entirely upon the second paragraph, no very particular notice need be taken of the first, or the pleadings thereto, or the rulings of the court thereon; for whatever errors intervened in that regard could not possibly have injured the appellant.

The second paragraph of the complaint avers, that while the appellant and the appellee were husband and wife, lawfully married and cohabiting, he, at her request, erected upon a lot in *Indianapolis*, owned in fee by her and her two children by a former marriage, a dwelling house worth $700, upon an agreement between them that he should take the rents and profits until reimbursed for his expenditure; that he never received any such rents; that afterwards, on the 14th of *February*, 1863, they were divorced; that before the divorce, it was agreed between them, as a compromise, that he should relinquish his right to the rents and profits, and that she should pay him $200, with interest, one day after a divorce should be granted between them, and she thereupon executed her written contract to that effect, and that she fails and refuses to pay. It is assigned for error that the court below overruled a demurrer to this paragraph.

The special contract for the payment of $200 was contrary to the policy of the law. It was so framed as to have effect only on condition that a divorce should be granted. Its direct tendency was to interest the present plaintiff in procuring a divorce, or in foregoing resistance to an effort by his wife directed to that end. The marriage relation is not thus to be tampered with, and the courts, by contract of the parties, converted into mere registers of their agree-

Muckenburg *v.* Holler.

ments for separation from the bonds of matrimony. The law favors marriage, and cannot therefore sanction contracts intended to promote its dissolution by lending itself to their enforcement. We know of no case in the books in which such an appeal to any court to compel the fulfillment of such a contract, or to award damages for its breach, has been successfully made. *Stoutenburg* v. *Lybrand,* 13 O. St. 228; *Goodwin* v. *Goodwin,* 4 Day 343; *Weeks* v. *Hill,* 38 N. H. 199; *Sayles* v. *Sayles,* 1 Foster (N. H.) 312. That contract being thus out of the way, it remains to consider whether the other facts averred were sufficient.

Liabilities between husband and wife, arising out of express contract between them, as well as out of implied trusts, are sometimes recognized and enforced by courts exercising chancery powers. In such cases remedy is given during the existence of the marriage. We know, however, of no authority for such proceedings, upon an express contract, after a divorce *a vinculo matrimonii.* Alimony is an incident of a suit for divorce, without any prayer for it, and in this State it is not a matter which can constitute the subject of an independent suit. It must be adjudged in the divorce case, or not at all. In determining the alimony to be allowed, it has long been the practice of our courts, and, indeed, it seems to be absolutely necessary to an intelligent and fair administration of justice, to hear evidence concerning all matters of property which have transpired between the parties, and adjust the alimony as may be deemed right under all the circumstances of each particular case. All questions of property between the parties, like that in controversy here, are thus in litigation in a suit for divorce, and must there be settled. The complaint here shows that the parties have been divorced. It shows, therefore, by legal inference, that the subject matter of this suit was there settled and put at rest.

The first paragraph of the complaint differed from the second only in the fact that it did not allege the special agreement to pay $200 upon the entry of a decree for

divorce. Both paragraphs must stand or fall together, and we are of opinion that the demurrer to each was well taken.

The judgment is reversed, with costs.

*F. Rand* and *R. H. Hall*, for appellant.

*J. A. Beal* and *J. Milner*, for appellee.