## Moon, Guardian, *v.* Baum et al.

DIVORCE.—*Alimony.*—Alimony is incidental to a divorce, and can be obtained only by the decree of a court, upon the granting of a divorce.

SAME.—*Husband and Wife.*—*Contract for Alimony.*—A husband and wife, during the pendency of a suit between them for divorce, can make no valid agreement as to alimony, independent of the sanction of a decree granting a divorce.

SAME.—*Voluntary Agreement.*—*Reformation of.*—An agreement between a husband and wife, made during the pendency of a suit between them for divorce, and not sanctioned by the court, that he will pay to her a certain sum as alimony, is a mere voluntary act on his part, and can neither be enforced nor reformed in an action therefor by her.

FRAUD.—*Action for.*—*Delay in Bringing.*—*Judgment.*—*Contract.*—In an action to set aside a judgment for fraud in obtaining it, or to set aside or reform an agreement for fraud in its execution, the lapse of a period of five years from the commission of the alleged fraud, before bringing the action, will, without a valid excuse therefor, defeat the action.

From the Clay Circuit Court.

*A. T. Rose* and *J. J. Stephenson,* and *McGregor & Tressel,* for appellant.

*W. W. Carter* and *S. D. Coffey,* for appellees.

BIDDLE, C. J.—Complaint in two paragraphs, brought by the appellant against the appellees. The paragraphs are essentially the same in legal effect; but, as the second is more full and specific in its averments than the first, we set it out at length:

"And for second complaint, the said plaintiff says, that at the November term of the court of common pleas, held in and for said county in the year 1868, the said

Margaret Baum obtained a decree of divorce from said defendant Andrew, on her cross bill, filed by one George W. Wiltse, as her atttorney, without her knowledge or consent, he being employed by said Andrew for that purpose, and fee paid by him. And, at the time of granting said divorce, the said Andrew being worth, in good unincumbered real estate and in money, about $5,000, and having been guilty of the most cruel and inhuman conduct toward said Margaret, and he being exceedingly anxious that a divorce should be granted, it was then and there agreed by the said parties to said divorce suit, said Wiltse representing to said Margaret, that said Andrew should pay to said Margaret the sum of $1,500, in lieu of and as for alimony in that behalf; that the same should be paid to her by instalments of $500 each, without any restrictions, limitations, or conditions whatever; and the said Margaret, being then insane, entrusted her attorney, one George W. Wiltse, who had been so employed by said Andrew for her, with the control and management of her said business, who confederated with the said Andrew to procure said divorce for his benefit, and to cheat and defraud said Margaret, and for that purpose did receive from said Andrew, in addition to the notes of said Andrew (which notes she consented to accept), a pretended agreement, trust deed, or contract, signed by said Andrew, by which the said Wiltse constituted himself a trustee for said Margaret, without her consent thereto, and without the knowledge, consent or order of said court, and caused the same to be recorded, and thereby attempted to make the same binding on said Margaret, a copy of which pretended deed is filed herewith, and made a part hereof, and by virtue of which instrument this plaintiff is so restricted that he can not use any of the principal of said sum of money; that said Margaret is yet insane, and very helpless and troublesome by reason thereof; that she is now about fifty years of age, and in good bodily health, but

without necessary judgment to do any work whatever, and is destitute and without any other means to support her than the sum of money above mentioned; that for —— years past she has been a pauper and charge upon the county of Clay for the residue of her maintenance. And plaintiff further states, that said Andrew is guardian for his children, the other defendants hereto, as such has control of large and ample means for their education, and that said Andrew has a large landed estate with which to educate and maintain his said children. And the plaintiff further shows to the court, that he has been duly appointed guardian of said Margaret, and, as such, has received the notes of said Baum; that he can loan said money, and any part thereof, at ten per cent. interest, and apply the remainder of the principal, in small amounts, to her maintenance, in such manner that she would, in all probability, never be a charge upon the county. And the plaintiff states, that said Margaret, nor any person in her behalf, never gave her consent to nor accepted said pretended trust, so limiting the use of said alimony. Wherefore, in consideration of all the premises, the plaintiff prays the court to decree the payment of said sum of $1,500 to him for the use of said Margaret Baum, and that said pretended contract be amended, or so modified, as to relieve said funds from all restrictions or limitations whatsoever, and for all other and proper relief."

A demurrer to each paragraph of the complaint, upon the ground that the facts stated therein did not constitute a cause for action, was sustained. The appellant excepted. Judgment on demurrer, and appeal.

Alimony can be obtained only by the decree of a court. It is incidental to a divorce. A court has no jurisdiction to grant alimony independent of a decree for divorce. It is not competent for a husband and wife to make a valid agreement as to alimony, during the pendency of a suit of divorce, independent of the sanction of a decree

for divorce. The agreement set out in the complaint must, therefore, be held as voluntary on the part of Andrew Baum. An action will not lie to reform a voluntary agreement—one which the party is not bound to execute. *Fischli* v. *Fischli*, 1 Blackf. 360. The decree of a court granting or refusing alimony is conclusive on the parties who appeared to the action, or were properly in court. After a decree for divorce is rendered, and the term of court has expired, a new trial can not be had, even for mistake, inadvertence, or excusable neglect. *Ewing* v. *Ewing*, 24 Ind. 468; *Sullivan* v. *Learned*, 49 Ind. 252.

A party seeking to set aside a judgment for fraud in obtaining it, or an agreement for fraud in its execution, must proceed promptly upon the discovery of the fraud. An unexplained delay, without valid excuse, for more than five years, as in the present case, will defeat an action seeking a remedy against fraud. *Stedman* v. *Boone*, 49 Ind. 469; *Krutz* v. *Craig*, 53 Ind. 561.

The court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.