FREDERICK E. SCHMIEDING, TRUSTEE, Respondent, *v.* P. C. DOELLNER, EXECUTOR, Appellant.

### May 31, 1881.

An agreement, made pending divorce proceedings, by a husband for his wife's support, if absolute, and in nowise dependent upon the result of the divorce suit, is not necessarily void.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

A. A. PAXSON, for the appellant.

FINKELNBURG & RASSIEUR and COLLIER & MUENCH, for
the respondent.

LEWIS, P. J., delivered the opinion of the court.

In January, 1865, Henry Doellner instituted a suit against
his wife, Meta, who is the present plaintiff's *cestui que trust*,
for a divorce.   On April 3, 1865, an interlocutory judg-
ment by default was entered in his favor.  On April 8,
1865, an instrument in writing was executed by and be-
tween Doellner and the plaintiff Schmieding, as trustee for
Meta, whereby Doellner bound himself to pay to Schmied-
ing $325 per annum, in quarterly instalments, during the
natural life of the said Meta, for her separate use and
benefit, upon the consideration that the same should be re-
ceived and accepted by her in full satisfaction of all claims
which she might have upon the said Henry Doellner, for
support and maintenance, or alimony of any kind.   This
instrument was signed and sealed by both parties.   Its
obligations were further secured by a deed of trust exe-
cuted by Doellner to Schmieding, conveying a house and
lot in St. Louis, with authority given the grantee to sell in
certain contingencies, and making certain provisions for the
benefit of his three children, born of the said Meta, upon
the event of her death, he not surviving.   A final decree of
divorce was entered in November, 1865.   Henry Doellner
died in 1879, and the defendant is his executrix.   He had
paid all the quarterly instalments under the agreement, ex-
cept the last which fell due in his lifetime ; and the object
of this proceeding is to recover the amount remaining in
arrear when it was commenced.   The Circuit Court gave
judgment for the plaintiff.

It is contended for the defendant that the agreement was
void, as against public policy.   The cases cited in support

of this position all show that any agreement entered into between husband and wife, pending a suit for divorce, or in contemplation of such a suit, whose force and effect are in any way made to depend upon the result of the suit, will be held void, because of the motive or inducement which it offers for either a passive consent, or active aid, in promoting the consummation of the divorce. There may be no direct evidence of collusion for that specific purpose. It is sufficient to vitiate the agreement, if it be so framed that, in order to an enjoyment of its benefits by one party or the other, a decree must supervene. The law will sustain no act whose tendency, whether such be its purpose or not, is towards promoting dissolution of marriage. *Moon* v. *Baum*, 58 Ind. 194; *Muckenburg* v. *Holler*, 29 Ind. 139; *Daggett* v. *Daggett*, 5 Paige, 509; *Belden* v. *Munger*, 5 Minn. 211; *Sayles* v. *Sayles*, 21 N. H. 312; *Speck* v. *Dausman*, 7 Mo. App. 165. In this case, however, none of these vitiating elements appear. The agreement was made by the husband with a trustee. Its obligation to pay was absolute, and fettered with no condition to arise out of the divorce. Whether this should be granted or refused, made no difference whatever. In fact, an interlocutory decree had already been entered; so that all the rest depended upon the final proofs that Doellner might present, and not upon anything that his wife could do or refrain from doing. The consideration for the undertaking was legal and sufficient. It was continually acquiesced in by the obligor, and ratified by his successive payments, through a period of more than fourteen years. We cannot find in these incidents, or any of them, the least reason for doubting that the agreement in question was, in all respects, valid and binding as made between the parties. The judgment is affirmed. All the judges concur.