No. 9186.

## HECK *v.* FINK ET AL.

SHERIFF'S SALE.—*Notice.*—*Equity.*—A purchaser of the legal title to lands at a sheriff's sale, who, before completing his purchase, receives notice of an equity in the lands held by another than the execution defendant, takes subject to such equity.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

NIBLACK, J.—This was a suit by Matilda Fink and Margaret Bierlin against Christian Heck, Henry Sasse, Sr., Leonard Bierlin, Edward P. Farley, John Ruschli, and a considerable number of other persons, to obtain the legal title, and to have the same quieted, to lot No. 15, in Nichol's addition to the town of Crown Point, in Lake county.

The court tried the cause without a jury, and first made a finding that the defendants Farley and Ruschli had certain interests in the lot which were entitled to be protected against the claim of the plaintiffs, and decreed accordingly.

As between the plaintiffs and the defendants Heck and Sasse, the court made a special finding of the facts, which may be stated as follows:

That, in the year 1861, the plaintiff Margaret Bierlin was the wife of one Charles Fink; that in that year the said Charles purchased the lot in controversy of one Major Allman for the sum of $250, for which he executed three promissory notes, receiving in return a title-bond for the lot from the said Allman; that the said Charles took possession of the lot under the title-bond, and fenced it in, as well as planting trees upon it, and afterwards paid about $61 of the purchase-money; that the said Charles died in the year 1863, leaving the said Margaret as his widow, and the said Matilda as his only child and lineal descendant, she being also the child of the said Margaret, and being seized of the lot in suit in the manner above stated, as well as the owner of other property; that, in 1864, the plaintiff Margaret intermarried with the defendant Leonard Bierlin, with whom she has ever since lived as his wife; that after his marriage with the said Margaret, the said Leonard, without any assignment, either legal or equitable, of the title-bond to him, paid the balance due on the purchase-money of the lot out of his own means, said balance being about the sum of $265, and, on the 12th day of September, 1868, without the knowledge or consent of either one of the plaintiffs,

took a deed for the lot in his own name, which deed was duly recorded on the 6th day of April, 1872; that, in the year 1867, the said Leonard and the said Margaret sold and conveyed another tract of land, of which the said Charles died seized, for the sum of $2,000, which sum the said Leonard, at the instance of the plaintiffs, expended and used in the erection of a dwelling-house, and in making other improvements, on the lot described in the complaint; that said dwelling-house was erected in 1869, and has ever since been occupied as a family residence by the plaintiffs and the said Leonard; that, in the year 1875, the said Leonard became indebted to the defendant Heck, upon a promissory note on which he, the said Heck, took a judgment for $150 and costs of suit, in the Lake Circuit Court, in 1876, against the said Leonard; that in the year 1875 the said Leonard also became indebted to the defendant Sasse, upon a promissory note on which one Lehman was surety, and upon which Sasse obtained judgment in the same court, in the year 1879, for the sum of $100 and costs of suit; that, on the 23d day of March, 1879, Heck caused the lot sued for to be exposed to sale by the proper sheriff upon an execution issued upon his judgment, and bid in the lot as the purchaser thereof, for the amount of principal, interest and costs due on the judgment; that, at the time he bid in the lot, Heck had no notice or knowledge of the alleged equitable claim of the plaintiffs to the same, but that, on the 22d day of April, 1879, before he had receipted the execution or judgment, or paid any money upon his purchase, he received notice that the plaintiffs claimed to be the equitable owners of the lot under the title-bond.

Upon these facts the court came to the conclusion that the title of the plaintiffs was paramount to the liens of both Heck and Sasse, and that both of the last named persons should be enjoined and inhibited from setting up any lien, claim or title to the lot in dispute, adverse to the plaintiffs, under their respective judgments, or any sale upon any execution thereon.

Heck and Sasse severally excepted to the conclusion of law at which the court arrived.

Judgment was thereupon rendered in favor of the plaintiffs in accordance with the conclusion of the court as above. stated, and quieting the title of the plaintiffs as against all the defendants except Farley and Ruschli, above named.

Heck alone has appealed, and the only question we are required to decide is, did the court, as to him, err in the legal conclusion at which it arrived upon the facts presented by the special finding?

It is now well settled, and so well settled as to have become practically an elementary principle in the law governing real estate, that land in the hands of a purchaser is chargeable with all the claims, whether legal or equitable, which third parties may have upon it, of which such purchaser may have had notice before the completion of his contract. Hilliard Vendors, 398; *Hunter* v. *Bales*, 24 Ind. 299; *Earle* v. *Peterson*, 67 Ind. 503.

In referring to the notice necessary to charge land in such cases in the hands of a purchaser, Sugden on Vendors, at page 752, says: "Notice, before actual payment of all the money, although it be secured, and the conveyance actually executed, or before the execution of the conveyance, notwithstanding that the money be paid, is equivalent to notice before the contract." *Lewis* v. *Phillips*, 17 Ind. 108; *Walker* v. *Cox*, 25 Ind. 271; *Wilson* v. *Hunter*, 30 Ind. 466.

This court has in effect decided that the doctrine as to notice, or the want of notice, of claims of third parties, is applicable as well to purchasers of real estate upon execution as to persons purchasing at private sale, and the conclusion reached, in that respect, is one which we think ought to be adhered to in cases like the one at bar. *Glidewell* v. *Spaugh*, 26 Ind. 319; *Milner* v. *Hyland*, 77 Ind. 458.

As the court found that Heck received notice of the equitable title of the plaintiffs before he completed his purchase of the lot on his execution against Bierlin, it was justified in

reaching the conclusion that the title of the plaintiffs was superior to any right which he, Heck, had acquired under the sheriff's sale.

The judgment is affirmed, with costs.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.