Rose *v.* Rose.

Filed Feb. 13, 1884.

———————◆———————

No. 9504.

ROSE *v.* ROSE.

| 93 | 179 |
|----|-----|
| 145 | 59 |

| 93 | 179 |
|----|-----|
| 149 | 161 |
| 150 | 325 |
| o152 | 177 |

| 93 | 179 |
|----|-----|
| 153 | 16 |

HUSBAND AND WIFE.—*Post-Nuptial Settlement.*—*Resulting Trust.*—*Divorce.*—Where a husband establishes his wife in trade, causes all conveyances of real estate, by him purchased, to be made to her, and improves the same at his own expense, with an indefinite agreement that the whole is to be enjoyed by them jointly, it creates the impression of a post-nuptial settlement, and not an implied trust, and, in such case, if the wife abandon him and sue for a divorce, the husband would have no remedy by independent suit to enforce a trust or a lien for his investments, but whatever relief he may be entitled to must be sought in the suit for divorce.

From the Wayne Circuit Court.

*H. C. Fox, L. C. Abbott* and — *Hayward,* for appellant.
*H. U. Johnson,* for appellee.

NIBLACK, J.—The complaint in this case was filed on the 27th day of April, 1881, and, as afterwards amended, charged that the appellant, Thomas Rose, was, on the 24th day of September, 1867, married to the appellee, Helen M. Rose; that at the time of their marriage the parties resided, and have ever since continued to reside, in the city of Richmond in this State; that at the time of the marriage the appellee was by occupation a milliner, but was without property or means of her own; that in the spring of 1871, it was agreed between them that the appellant should furnish the appellee with means sufficient to enable her to start a millinery store, which he accordingly did at that time; that the appellant afterwards, from time to time, furnished the appellee additional means which she invested as capital in her business; that on the 1st day of May, 1880, the appellee wrongfully abandoned the appellant, and has ever since, without just cause, continued to reside separate and apart from him; that said business had been successful and remunerative; that in making it thus successful and remunerative, the appellant had contributed his labor as well as his money, with the express understanding that he actually had, and was to continue to have, an interest in said business; that with the understanding that the parties were to be mutually interested in the property thereafter to be acquired by their joint efforts, the appellant expended a large amount of both labor and means in the reconstruction and improvement of the house then occupied by the appellee as a millinery store, for which he had received no compensation; that in all cases in which he had purchased real estate, the appellant had either promised or permitted the title to be conveyed to and vested in the appellee, with the express understanding and agreement that he and she were to be jointly interested in the same; that for large expenditures made by him in the purchase and improvement

Rose v. Rose.

of several lots of ground thus purchased by him and held by her, he had received nothing by way of compensation or remuneration ; that during the entire time they had lived together as husband and wife, the appellant had paid all the family expenses in order that the appellee might devote the means invested in her business solely to the accumulation of property for their joint benefit ; that the appellee had thus fraudulently procured the title of the appellant's real estate to be conveyed to her, and obtained from him large amounts of personal property, with the intention of ultimately abandoning and obtaining a divorce from him ; that the real estate so conveyed to the appellee was of the aggregate value of $20,000 ; that she, in addition, owned and had in her possession personal property of the value of $15,000 ; that besides the labor contributed, the appellant had expended at least the sum of $5,000 in purchasing real estate in the name of the appellee, and in establishing her in business, as herein above stated ; that the appellee, for the fraudulent purpose of getting more complete possession and more exclusive control of all the property, obtained and held by her as above set forth, had, on the 12th day of April, 1881, filed her petition in the Wayne Circuit Court, demanding a divorce from the appellant, and falsely charging him with cruel and inhuman treatment during a long period prior to the time of her abandonment of him as above charged ; that the appellee had refused to make any equitable arrangement with him for the division of the property held by her, and that by reason thereof the appellant was left in a destitute and dependent condition. Wherefore the appellant demanded judgment for the amount which might be found to be reasonably due him in the premises ; that the amount of such judgment should be decreed to be a lien upon the real estate held by the appellee ; that such real estate might, if necessary, be sold to pay and discharge such lien and all other proper relief.

The circuit court sustained a demurrer to the complaint, and, upon a failure to plead further, final judgment upon demurrer was rendered against the appellant.

Considering its several averments with reference each to the other, and in connection with the relief demanded, we find ourselves involved in much doubt as to the precise theory upon which the complaint, a careful synopsis of which is above given, was formulated and prepared.

The appellant insists in argument that, upon the facts alleged, a trust estate was created in his favor in one undivided half of the property acquired 'by the means stated, and held by the appellee, and that the complaint ought to be construed as a demand by him, as *cestui que trust*, against her as *trustee*, for the settlement of an estate placed in her hands under circumstances entitling him to share in its proceeds.

It is true, as claimed, that a married woman may become the trustee of her husband. Perry Trusts, section 51 ; *Moore* v. *Cottingham*, 90 Ind. 239.

It is also true that a wife may have general business transactions with her husband, and that all contracts made by her with her husband concerning her separate business, or her separate property, apparently just and reasonable within themselves, and which would have been valid if made with trustees acting in her behalf, will be enforced by the courts of this State. Schouler Dom. Rel., section 191. This doctrine has been still further enlarged and extended by recent statutes of this State. R. S. 1881, sections 5115, 5117.

Perry on Trusts, section 143, states the rule as to resulting trusts to be that " if a purchaser of an estate pays the consideration money, and takes the title in the name of a stranger, the presumption is that he intended some benefit for himself, and a resulting trust arises for him ; but if the purchaser take the conveyance in the name of a wife or child, or other person, for whom he is under some natural, moral, or legal obligation to provide, the presumption of a resulting trust is rebutted, and the contrary presumption arises, that the purchase and conveyance were intended to be an advancement for the nominal purchaser. The transaction will be regarded *prima facie* as a settlement upon the nominal grantee, and if the

payer of the money claims a resulting trust he must rebut this presumption by proper evidence."

So much of this rule as relates to what is necessary to create a resulting trust in favor of the purchaser as against a stranger has been so far modified in this State as to require either proof of an express agreement, or of additional circumstances to establish such a trust. 1 R. S. 1876, p. 915; R. S. 1881, section 2974. But that which remains in reference to conveyances made by order of the purchaser to his wife, child, or other person occupying similar relations to him, ought to be, and, so far as we are advised, is, within our jurisdiction, recognized as the correct rule of construction touching the legal import of such conveyances, subject only to a more rigorous enforcement because of the manifest tendency in the legislation of this State against the creation of implied resulting trusts.

Nor will a trust be implied if there is uncertainty as to the manner in which, or in the extent to which, the property is to be applied. The rule has been stated to be " that a trust would be implied only where the testator points out the objects, the property, and the way in which it shall go." Perry Trusts, *supra*, section 116.

The important distinction between settlements made before and those made after marriage is, that while the former have the contemplated marriage as a consideration to support them, the latter are without any such consideration. Post-nuptial settlements are usually nothing more nor less than gifts of real or personal property, or of both, between husband and wife, which equity places, notwithstanding the disabilities of coverture, upon the same footing with other gifts. Though such settlements are, for want of consideration, deemed voluntary, yet, like other voluntary transactions, they are valid and binding as between the parties, and can only be impeached as fraudulent upon the rights of other persons, or where, as between the parties, some fraud has been practiced or some undue influence has been exerted. Schouler, *supra*, section 184, *et seq.*

As must have been observed, there is much uncertainty in the averments of the complaint as to the interest which the appellant was, by agreement, to have both in the business of the appellee as milliner, and in the real estate conveyed to her by his procurement or permission, and hence we must look to the context for such aid as it may afford us in giving a construction to averments, keeping in view the rule that uncertainty in the allegations of a pleading must be taken most strongly against the pleader.

There is no averment in the complaint that the appellee expressly agreed to hold any proportion of either the real or personal property transferred to her in trust for the appellant. Neither is there any express averment that the interest which it was agreed he should retain in both classes of the property was to be greater than his marital rights conferred upon him in respect to such property. Nor is any claim of an equitable title asserted to any distinct part or proportion of such property by the appellant. The *gist* or *burden* of the complaint appears to us to be that, for some reason not fully explained, the appellant had established and actively sustained the appellee in business as a milliner, in which business she had been quite successful, and had caused the title to all the real estate purchased by him during several preceding years to be conveyed to her, and had made improvements upon some parts of such real estate, with the express understanding and agreement that all such property, real as well as personal, was to be jointly used, improved and enjoyed by the appellant and appellee, and that the benefits which might result therefrom should inure to them jointly; that the appellee had so demeaned herself that a longer joint use and enjoyment of the property had become impracticable, for which reason the appellant demanded a judgment *in rem* for the amount of money expended and the value of labor bestowed by him in the acquisition and in the improvement of such property.

These transactions between the parties considered with

reference to the marital relations existing at the time as well as to the inherent nature of the transactions themselves, impress us as constituting nothing more than ordinary postnuptial marriage settlements, from which it was expected that incidental benefits would accrue to the appellant, but from which no trust resulted in his favor.

If we are correct in this conclusion, then we know of no principle upon which a claim for compensation or reimbursement could be enforced by the appellant against any of the property in such a proceeding as this, or in any similar proceeding. Waiving, however, the further discussion of these and other questions argued by counsel, it need only be said that the institution of the divorce suit, which was shown to be pending when this action was commenced, conferred upon the Wayne Circuit Court complete jurisdiction of all the matter pertaining to the property in controversy sought to be presented by the complaint in this cause. For that reason, if for no other, the circuit court correctly held that the case made by the appellant did not entitle him to any relief in this action. *Fischli* v. *Fischli*, 1 Blackf. 360 (12 Am. Dec. 251); *Williams* v. *Williams*, 13 Ind. 523; *Muckenburg* v. *Holler*, 29 Ind. 139; *Moon* v. *Baum*, 58 Ind. 194.

The judgment is affirmed, with costs.

