Behrley *v.* Behrley *et al.*

No. 11,252.

## BEHRLEY *v.* BEHRLEY ET AL.

PLEADING.—*Complaint.*—A complaint stating facts constituting a cause of action, but also stating facts which constitute a defence, is insufficient on demurrer.

DIVORCE.—*Antenuptial Agreement.*—*Presumption of Adjudication.*—Questions concerning property rights growing out of the marriage relation are deemed to have been adjudicated by the decree in a suit for divorce, and hence a complaint in an action by a divorced wife upon an antenuptial contract, which shows that there has been a decree of divorce, is insufficient on demurrer.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell,* for appellant.

*B. P. Douglass* and *S. M. Stockslager,* for appellees.

ELLIOTT, J.—We do not find it necessary to set forth all of the allegations of appellant's complaint, for there is one which conclusively shows that she can not maintain this action. The complaint seeks a recovery upon an antenuptial contract, and contains this allegation: "That on the 9th day of August, 1882, she filed her application for a divorce against Remegius Behrley, on the ground of cruel treatment, and afterwards, at the September term, 1882, of the Harrison Circuit Court, and after full appearance to said suit, she was granted a divorce from the defendant on the ground of cruel treatment." Questions concerning marital rights, as well as property rights growing out of the marriage relation, are deemed to be adjudicated by the decree in the suit for divorce.

In *Muckenburg* v. *Holler,* 29 Ind. 139, it was said: "All questions of property between the parties, like that in controversy here, are thus in litigation in a suit for divorce, and must there be settled. The complaint here shows that the parties have been divorced. It shows, therefore, by legal inference, that the subject-matter of this suit was there settled and put at rest." This ruling is in harmony with a long line of decisions. *Fischli* v. *Fischli,* 1 Blackf. 360 (12 Am. Dec.

251); *Williams* v. *Williams*, 13 Ind. 523; *Sullivan* v. *Learned*, 49 Ind. 252; *Moon* v. *Baum*, 58 Ind. 194; *Rose* v. *Rose*, *ante*, p. 179.

In a recent treatise it is said: "And a provision under an antenuptial contract, which is plainly intended as a substitute or equivalent for dower in case the wife survives the husband, is barred by their divorce." Schoul. Dom. Rel. (3d ed.), section 221. It makes no difference for whose fault the divorce is granted. *Calame* v. *Calame*, 24 N. J. Eq. 440; *Gleason* v. *Emerson*, 51 N. H. 405; *Hunt* v. *Thompson*, 61 Mo. 148.

Where a complaint states facts constituting a cause of action, but also states facts which constitute a defence, it will be held bad on demurrer. *Calvo* v. *Davies*, 73 N. Y. 211 (29 Am. R. 130).

Judgment affirmed.

