Filed April 2, 1884.

No. 11,385.

## HILLS v. HILLS.

SPECIFIC PERFORMANCE.—*Effect of Decree for Divorce.—Alimony.—Presumption of Adjudication.*—A husband, having made the first payment for, entered into possession of, and made valuable improvements on, certain real estate, which was to be conveyed to him upon full payment therefor, made a second payment thereon with money furnished him by his wife for that

purpose, and then suffered the residue to default for several years, when his wife made full payment and took title in her own name, with his knowledge, and then, upon her petition for divorce and alimony, she procured a decree of divorce, without alimony, against him, he answering only by general denial, and no evidence as to alimony having been given; afterwards he instituted an action against her and the grantor for specific performance, he having tendered to the grantor less than the amount due.

*Held*, as a conclusion of law, upon the foregoing facts, that in equity he ought not to maintain such action.

From the DeKalb Circuit Court.

*W. L. Penfield* and *H. J. Shaffer*, for appellant.

*C. M. Phillips*, for appellee.

BLACK, C.—The appellant sued the appellee and five others for specific performance of a contract for the sale and conveyance to the appellant by the defendants, other than the appellee, of certain real estate, a town lot.

Issues formed were tried by the court, and a special finding was rendered. The only question before us is, whether the court erred in its conclusions of law.

The facts were stated by the court, in effect, as follows: On the 4th of March, 1876, the appellant being then the husband of the appellee, the former and the defendant Biggs D. Thomas executed said contract, said Thomas being, in the transaction, agent and attorney in fact for his co-defendants other than the appellee. The contract provided, that upon prompt payment of the purchase-money, interest and taxes, the vendors would convey the real estate to the appellant by good and sufficient deed. The consideration stated was the sum of $250, to be paid in three instalments, $65 cash, $92.50 in thirteen months, and the same amount in twenty-four months, the deferred payments to bear interest at eight per cent. per annum. At the making of the contract, the appellant paid in cash thereon $65, and entered into possession, and made improvements of the value of $600, consisting of a dwelling-house, fences and fruit trees. In April, 1877, the appellant paid said Thomas on the contract $100,

about two weeks after it was due.   The court stated, in its finding, that said Thomas waived strict compliance with the terms of the contract, but frequently asked the appellant to pay the residue of the purchase-money, after it became due, but he failed to do so; and on the 4th of January, 1882, there was due on the contract, $169.70.   On that day, the appellee paid said Thomas $150, for which he executed to her a deed for said real estate, and surrendered to her said contract; and the deed was recorded the same day.

On the 13th of February, 1882, the appellee commenced in the court below a suit for divorce from appellant, and for $500 alimony.   On the 7th of March, 1882, there was a trial, and said court decreed a divorce to the appellee from the appellant, rendering no judgment for alimony, the only answer in the cause being a general denial, and no evidence being introduced on the question of alimony or property, and the complaint containing no averment as to property matters between the parties.   Before this trial in the divorce suit, the appellant knew that the appellee had obtained said deed from said Thomas, and that she claimed said property thereunder; and she had been, since the execution of said deed, and she still was, in possession of said property.

On the 11th of April, 1882, the appellant tendered to said Thomas $168, as the balance due on said contract, and demanded of him a deed for said premises, which was refused. Since the making of said tender, the appellant had been and he still was ready and willing to pay the balance due on said contract and to receive a deed from said Thomas.   Said sum of $100 paid by the appellant in April, 1877, was furnished to him by the appellee for that purpose.   The appellant dismissed his action as to all the defendants except the appellee.

The court stated as conclusions of law, that all questions of property between the appellant and the appellee were in controversy in said suit for divorce and are conclusively presumed to have been settled and put at rest; and that he was

entitled in this suit to no relief against any of the defendants, all of whom were entitled to recover costs of him.

The appellee having taken the legal title to the real estate with knowledge of the equitable title of the appellant, she held it as it had been held by her grantor, and, before the granting of the divorce, the appellant might have maintained against his wife a suit for specific performance. *Hunter* v. *Bales*, 24 Ind. 399; *Walker* v. *Cox*, 25 Ind. 271; *Higbee* v. *Moore*, 66 Ind. 263; *Heck* v. *Fink*, 85 Ind. 6.

In this State, a decree for alimony must be for a sum in gross, though a reasonable time for the payment thereof by instalments may be given. An independent suit for alimony can not be maintained; it can only be allowed in a suit for divorce and as incidental to a divorce. *Moon* v. *Baum*, 58 Ind. 194; *Muckenburg* v. *Holler*, 29 Ind. 139. The subject of alimony is in a certain sense necessarily involved in every suit wherein a divorce is granted, whether it be asked for in pleading or not, and whether there be any evidence on the subject or not. The appellant and the appellee were both concluded as to the subject of alimony by the decree in the divorce suit. The wife could not recover alimony in any other suit.

A decree for alimony is a personal judgment in favor of the wife. Alimony is granted in lieu of the wife's interest as wife in the estate of the husband, and of the support which a husband is bound as such to provide. *Fischli* v. *Fischli*, 1 Blackf. 360 (12 Am. Dec. 251); *Musselman* v. *Musselman*, 44 Ind. 106.

It is not needed that we should here decide whether every decree for divorce necessarily involves an adjudication and merging of any right of action one of the parties may have had, arising during the existence of the marriage relation, to enforce against the other the specific performance of a contract to convey real estate, so that no subsequent suit thereon will lie. See *Muckenburg* v. *Holler, supra; Rose* v. *Rose*, 93 Ind. 179; *Behrley* v. *Behrley*, 93 Ind. 255.

In the case before us the appellant had purchased the property by written contract, had paid $65 of the purchase-money, and had made lasting and valuable improvements. He had made a second payment of $100, furnished to him by the appellee. When he had permitted the final instalment to remain unpaid for nearly four years after it was due, the appellee paid a sum which was accepted as the final instalment, and took a conveyance to herself. Soon afterward she commenced her suit for divorce and alimony, in which the appellant filed an answer of general denial. Before the trial he knew that she had received said deed, and that she claimed the property thereunder. He took no step to assert a claim to the property until more than a month after a divorce without alimony had been granted to the appellee. He had never before the commencement of this suit tendered or offered to pay to any one the full amount due from him under the contract.

When she obtained a divorce for his fault, she was entitled to recover a judgment for alimony in a proper amount, to compensate her for the loss of her interest as a wife in his estate. He stood by, knowing her claim in regard to this property, and made no adverse claim while she changed her situation, so as to preclude her from any claim upon him for alimony. If he should now prevail against her, he would take from her the property, leaving no interest remaining in her as a marital interest or in lieu thereof.

The granting of specific performance of a contract is a matter of sound judicial discretion, to be exercised upon a consideration of all the circumstances of the particular case. The appellant has not seasonably and in good faith offered to perform his part of the contract. Hardship and injustice to the appellee would follow an enforcement of the contract against her; and the granting of specific performance can not be accompanied with such conditions as will obviate hardship and injustice; for, if the appellant should have specific performance, the appellee ought to have alimony. A court of

equity can not thus be made use of to gain assistance in doing an unfair and unconscionable thing. A decree for specific performance should be strictly equitable.

If the case be not one of estoppel by conduct, it is one wherein the party asking specific performance does not commend himself to a court of conscience, and it was proper, in the exercise of sound legal discretion, to refuse the relief sought. Whether the ground of refusal expressed was strictly correct need not be determined, so long as a correct result was reached.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed April 4, 1884.