Faught et al. v. Faught.

No. 9462.

FAUGHT ET AL. v. FAUGHT.

WILLS.— *Judgment.*— *Quieting Title.*— *Former Adjudication.*—A judgment quieting title, upon a complaint asserting title by virtue of a will, is a bar to a subsequent suit by a party defendant to the first suit against the plaintiff therein, to set aside the same will upon the ground that the testator was of unsound mind.

From the Putnam Circuit Court.

*D. E. Williamson* and *A. Daggy*, for appellants.

*L. M. Campbell*, for appellee.

ELLIOTT, J.—This action was brought by the appellants to set aside the will of George F. Faught, on the ground that the testator was of unsound mind. It was commenced in the Hendricks Circuit Court, but upon application the venue was changed to the Putnam Circuit Court. In the latter court an answer was filed setting up a former adjudication. Issue was joined, trial had, and the appellee prevailed.

In support of the plea of former adjudication a transcript of the record of a cause prosecuted by the appellee was introduced in evidence, and the question is whether this evidence sustains the plea and the finding of the court resting upon it. The record given in evidence contains a complaint filed by the appellee, wherein she set forth the will at full length, averred that she had duly qualified as executrix under it; that it was duly admitted to probate; that the instrument was so obscurely written by the draftsman as to hinder the executrix in the performance of her duties; that the error in the will is apparent on the face of it; "that without a judicial construction thereof, and a judgment and decree correcting and declaring the same, the title of all of the devisees in and to the lands to them severally devised will be forever clouded." It is further alleged that she, Malinda H. Faught, "is the widow of the testator and the person named in the second clause of the will, and that until said will shall be ju-

dicially construed, she can not intelligently elect to take her interest in said real estate." The will on its face shows devises to the appellants, and, in the body of the complaint, it is averred that they are the only heirs and devisees of the decedent. The prayer of the pleading is that the court do construe and correct the will, and do decree that the respective titles of the plaintiff and the defendants be decreed "perfect, clear and in fee simple," and there was also the usual general prayer for relief. Summons was issued and duly served. The adult defendant in that case, here the appellee Henry H. Faught, made default, and the infant defendant, the present appellant Ferdinand W. Armstrong, answered by a guardian *ad litem* duly appointed by the court. The cause was submitted to the court for trial, and after hearing the evidence a decree was pronounced in favor of Mrs. Faught, the plaintiff in that suit and the appellee in this appeal. It is recited in the decree that a will was executed by the testator, and that it was admitted to probate; it is therein adjudged that the will was ambiguous, and liable to cloud the title of the devisees to the land devised to them respectively, and it was ordered that the will and the record thereof be corrected. It was also ordered that "the parties, or any of them, may cause the will and this decree both to be recorded in the deed record of the county as evidences of title of each and all of them to the land devised."

It is established law that a judgment is conclusive upon the parties as to all matters which might have been properly litigated under the issues made or tendered by the pleadings in the cause in which it was rendered. *Fischli* v. *Fischli*, 1 Blackf. 360 (12 Am. Dec. 251); *State, ex rel.,* v. *Krug,* 94 Ind. 366; *Ulrich* v. *Drischell,* 88 Ind. 354; *Green* v. *Glynn,* 71 Ind. 336; *Stumph* v. *Reger,* 92 Ind. 286; *Hills* v. *Hills,* 94 Ind. 436; *Rose* v. *Rose,* 93 Ind. 179, see p. 185; *Behrley* v. *Behrley,* 93 Ind. 255.

A decree of a court of chancery is as conclusive as a judgment of a court of law. Freeman says: "A final decree in

chancery is as conclusive as a judgment at law.    Such decrees are available as estoppels, whether the second action involving the same question be at law or in equity." Freeman Judg., section 248.    At another place this author says: "There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes incidently in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision." Freeman Judg., section 249.

Errors or irregularities committed in the course of the cause do not affect the validity of a decree or judgment, nor limit its effect as an estoppel.    Freeman Judg., sections 135, 249, 485, 487, 595; *Farrar* v. *Clark*, 97 Ind. 447.    If there is jurisdiction of the subject-matter and of the person, an intervening error does not impair the force of the judgment.

Where equity assumes jurisdiction it will retain it, and decide all questions arising in the cause.    *Field* v. *Holzman*, 93 Ind. 205; *Kimble* v. *Seal*, 92 Ind. 276, p. 282; *Carmichael* v. *Adams*, 91 Ind. 526; *Wood* v. *Ostram*, 29 Ind. 177; 1 Pomeroy Eq. Juris., section 231.

The application of these familiar principles to the case at bar leads to the conclusion that the decree rendered in the suit brought by the appellee against the appellants to obtain a construction of the will of George F. Faught, and to settle title to the lands which it was the intention of the testator to devise to the litigants respectively, estops the appellants from maintaining this action.    The complaint in the former suit averred the execution of the will, and its probate, and sought a construction of it.    More than this was averred, for it was alleged that the obscurity of the instrument was such as to cloud the titles of the parties, and that the widow, because of the obscurity, was unable to determine whether to take under the will or under the law, and thus two well defined subjects

Faught *et al. v.* Faught.

of equity cognizance were exhibited, namely, the profert of a will for construction, and the removal of clouds from titles to land. The issue tendered was the validity of the will, for all the rights and all the titles of the parties depended upon the existence and validity of that instrument. The validity was not merely incidentally in issue, but it was directly so. Even had it only been incidentally in issue, the decree would, under the authorities cited, have been conclusive.

The validity of the will was thus put directly in issue; it was, in truth, the central issue presented for trial. In support of this proposition it may be unhesitatingly affirmed that the question whether the plaintiff in that suit had any title or not depended entirely upon the validity of the will. She grounded her claim of title solely upon it, tendered that issue and challenged the appellants to contest it with her. It is difficult to conceive how anything can be plainer than that the title, and the only title, which she sought to have established depended solely upon the will. If the will was invalid she could have no title, for she placed her title on that instrument alone, and traced it to no other source. If it was without force could she found title upon it, and did she not, by averring that it gave her title, challenge the appellants to traverse all the essential elements involved in the assertion of such a title, and were they not thus given their day in court? So, then, we have the direct averment that the will is valid, that it gives title, and that it is sufficient to entitle the appellee to have title quieted in her; and, surely, no decree quieting title can be given unless the instrument alleged as its foundation is in the same adjudication declared valid.

No cause of action could have existed without proof of a valid will. It could not have existed because the title, and the only title, was founded, by explicit and traversable allegations, upon the provisions of the will, and because, if there was no valid will, there was in legal contemplation no instrument for construction. If no more had been sought than a construction of the terms of the will, its validity would have

been in issue. In asserting that there was a will entitled to judicial construction, the appellee asserted that it was valid. It can not be true in any case that a court can be called upon to fritter away its time in deciphering instruments which have no legal effect, and this must result if it be conceded that the proceeding to secure the construction of a will does not include the question of its validity. Courts of chancery, organized under the old system, often construed wills and entertained suits for that purpose. The first step taken in all such suits was to ascertain whether the will was valid. 2 Story Eq. section 1446.

There are many cases in our own reports recognizing the power of the courts to pass upon and construe wills. Among these cases are, *Craig* v. *Secrist,* 54 Ind. 419; *Cann* v *Fidler,* 62 Ind. 116; *Schori* v. *Stephens,* 62 Ind. 441; *Fraim* v. *Millison,* 59 Ind. 123; *McAlister* v. *Butterfield,* 31 Ind. 25; *Bunnell* v. *Bunnell,* 73 Ind. 163; *Judy* v. *Gilbert,* 77 Ind. 96 (40 Am. R. 289); *Haines* v. *Allen,* 78 Ind. 100 (41 Am. R. 123); *Butler* v. *Moore,* 94 Ind. 359; *Price* v. *Price,* 89 Ind. 90; *Holbrook* v. *McCleary,* 79 Ind. 167. In many of the cases cited, the question came before the court in actions to quiet title; in some others in actions to recover possession; in some of the others the question was whether the will was or not void because of some provision written in it. It must certainly be true that where a title is founded on a will, and the will is set forth as the foundation of the title, the judgment settles all questions respecting the title involving the validity of the will as well as all other matters necessary to the existence of the title asserted, and, of course, the same rule must apply to cases where possession is demanded and the whole right of the plaintiff rested on the will set out in his complaint. Judge Story says: "But it is often the primary, although not the sole, object of a suit in equity * * to establish the validity of a will of real estate; and thereupon to obtain a perpetual injunction against the heir at law, and others, to restrain them from contesting its validity in future. In such cases the

jurisdiction, exercised by courts of equity, is somewhat analogous to that exercised in cases of bills of peace; and it is founded upon the like considerations in order to suppress interminable litigation, and to give security and repose to titles." 2 Story Eq., section 1447. Pomeroy says, in speaking of the jurisdiction of courts of equity: "The following particular instances are examples of the remedies belonging to this general class: Establishing and quieting title and possession of land; establishing some general right ('bills of peace'); establishing wills; construing wills and determining the rights under them of devisees and legatees." 1 Pomeroy Eq. 171. Both of these authors class such a suit as this as, in its essential features, one to quiet title, and such plainly it is. If, in a suit to quiet title, a deed or a will is asserted to be the foundation of the title, the validity of the instrument relied on is necessarily in issue. There is not a more important question in the whole case.

Whether a claimant's title is founded on a will or on a deed, he has a right to have it quieted, and in asserting a will as the foundation of his title he puts its validity in issue and invites his adversaries to meet him upon it. The chief object of a suit to quiet title is to make it firm in the claimant, and to have his muniments of title declared valid and effective. Little good would be accomplished by a decree in such a case, if the defendants were at liberty to destroy the only source of title by overthrowing the will which created it. Our statutory action to quiet title is a combination and an extension of the equity proceedings known as bills of peace and suits to quiet title. It is a very broad and comprehensive action, as has been time and again adjudged, and it calls upon the defendants to contest with the complainant all the questions affecting the title asserted. The purpose of a decree quieting title is to put an end to all questions concerning it, no matter what shape they may assume. *Green* v. *Glynn, supra; Stumph* v. *Reger, supra; Ragsdale* v. *Mitchell,* 97 Ind. 458; *Farrar* v. *Clark, supra; Cooter* v. *Baston,* 89

Ind. 185; *Hays* v. *Carr,* 83 Ind. 275; *Ulrich* v. *Drischell, supra,* see p. 360; *Curtis* v. *Sutter,* 15 Cal. 259; *Merced Mining Co.* v. *Fremont,* 7 Cal. 317; *Peck* v. *Sexton,* 41 Iowa, 566.

In order to quiet title it is necessary to determine that there is title, and where title is asserted to rest on a deed or will, the validity of the instrument is of necessity in issue. If there is no life in the instrument which is asserted to create title, then there is no title at all, and if this be true, and we can not perceive how it can be reasonably questioned, then one of the very first and most material questions for decision is, has the instrument any force?

An executor may bring a suit to secure a construction of a will, and all who are parties are concluded by the decree. *Heiss* v. *Murphey,* 43 Wis. 45; *Appeal of Schaeffner,* 41 Wis. 260; *Estate of Schaeffner,* 45 Wis. 614; *Sherwood* v. *Sherwood,* 45 Wis. 357.

Where equity takes cognizance of a will at the suit of an executor, its decree settles all incidental questions and binds all parties. *Stewart* v. *Stewart,* 31 Ala. 207; *Carmichael* v. *Browder,* 3 How. (Miss.) 252. Devisees and legatees may maintain a suit to secure the construction of a will, and the decree binds all who are in court. *Rosenberg* v. *Frank,* 58 Cal. 387; *People* v. *Davidson,* 30 Cal. 379.

An executor may sell lands under a will, and if he does so by order of court the judgment is conclusive as to the particular land ordered to be sold. So, an executor may bring an action to settle conflicting claims between legatees. A widow may maintain a suit to have her rights under a will judicially determined, and the judgment is conclusive. In each and all of these proceedings the validity of the will is necessarily in issue; if it were otherwise, then nothing would be settled. In the cases where the suit is brought by an executor, the right to act as executor is involved, as well as the powers as such a trustee, and these all flow back to the will, for, if no will, then no executor, and no powers as such. It can not be possible that an executor must wait three years before he

Faught *et al. v.* Faught.

can be certain that there is a will; if so, creditors, legatees and devisees must be held off, and everything remain unsettled. It is equally clear that a widow has a right to know her title under the will, and to know this is a sheer impossibility without knowing also that, so far as concerns her interests, there is a will, and, of course, a valid one, for an invalid will is as nothing. *Frey* v. *Demarest,* 16 N. J. Eq. 236; *Youmans* v. *Youmans,* 26 N. J. Eq. 149; *Gillian* v. *Chancellor,* 43 Miss. 437; *Carmichael* v. *Browder, supra.*

The judgment in this case construes the will, decrees and quiets title in the appellee, and as to her rights in the specific property claimed by her under the will, that decree is unquestionably conclusive. It is not necessary to inquire whether the judgment reaches beyond the particular property sued for in the former action, the question here is, did the decree in that action establish title to the specific property claimed, and to that extent adjudicated upon the validity of the will? It is not necessary for us to go as far as the cases cited by Judge Story do, for all that need here be done is to adjudge that the validity of the will, so far as it affects the title of the property claimed in that action, is conclusively settled by the former adjudication.

The statute providing a method for contesting wills has no application to such a case as this. That statute was not meant to cut down the inherent equity powers of the courts, but rather to enlarge the rights of parties by allowing the probate of a will to be opened and the question of the validity of the will investigated. It enlarges the rights of those who deny the validity of a will, but it does not limit the rights of those who affirm it to be valid. There is no abridgment of the right to have title quieted to land devised and conflicting claims adjusted. Not a word in this statute, not an indication in its spirit, applies to suits brought by those who seek to make good their titles by upholding a will. It was meant for those who attack, not those who defend. Its letter and its spirit apply only to those who would strike down, not those who

would uphold, the will.     There is no statutory provision conferring a specific remedy where a devisee or legatee, or an executor or an heir desires to settle title by having a conclusive adjudication sustaining the will, but, as the authorities cited fully show, there is a remedy.     If there is not, then everything must remain unsettled and uncertain until the lapse of three years from the date of the probate.     Elementary principles are opposed to such a conclusion, and evil results would inevitably flow from it.

The probate of a will is conclusive as to the fact that a will was executed, and the proceeding can not be collaterally impeached, but, under our practice, may be attacked in the manner prescribed by statute.     The complaint of the appellee did not attack the probate ; on the contrary, it built title upon it and asked the court to prohibit the appellants from denying its force and effect.     There is no impeachment attempted ; on the contrary, there is an acceptance and a confirmance.     It can not, therefore, be said that this is a collateral attack upon the proceedings admitting the will to probate.

The probate of a will is, however, conclusive only as to the fact of its valid execution ; it adjudicates nothing as to the meaning or operation of the will, or as to the rights and titles which it vests in the devisees and legatees.     The rule upon this subject is thus stated in *Fallon* v. *Chidester*, 46 Iowa, 588 : " It " (the probate) " did not establish the testamentary character of the instrument, and give validity to a title based upon it.     The effect of the will and its interpretation, whereon titles under it rested, were not determined in the proceedings for its probate.     These were matters for adjudication when rights and property were claimed under the will.     *Evans* v. *Anderson*, 15 Ohio St. 324 ; 3 Redf. Wills, 61 ; 1 Jarman Wills, 22 *et seq.* (3 Am. ed.)"     In the fifth edition of the work last cited will be found a large collection of recent cases.     The right to investigate and adjudicate a question of title, depending upon the construction of a will, necessarily involves all incidents connected with that issue, for cases are not decided by piece-

meal. Jurisdiction to construe a will, or to settle title under it, carries the incidental right to determine the validity of the will, for without a decision of that question there is no final determination of the controversy. This is so upon the principle that authority to try the main question involves the right to try all incidental ones.

The appellee claimed in the former case that the will gave her a certain estate, and vested in her certain interests, and these she asked the court to establish and confirm in her, and she invited the appellants to litigate with her these questions, without a settlement of which she could not have had the relief prayed. As to her, the judgment settled not only the quantity of her interest, but its character; not only declared how great it was, but declared also that it was a valid one.

As against her the appellants had no right to impeach the validity of the will, and thus sap the foundation of the title she asked the court to quiet and sustain. She was the sole defendant in this action, and she pleaded as her defence the former adjudication, thus asserting that as to her interest under the will the former adjudication conclusively established its validity. She was answering only as to her own interest, not as to the interest or rights of anybody else, and the decree establishing her title and declaring her interest is broad enough to protect the will against subsequent attacks, which, if successful, will cloud, if not completely overthrow, her title.

If the appellants want to settle the question among themselves, they may, if they choose, do so, but they can not, directly or indirectly, impeach the judgment establishing the appellee's interest under the will. To allow them to impeach the will as against her would be to permit them to destroy its entire foundation.

If it were broadly conceded that there was error in the proceedings of the court in the suit instituted by Mrs. Faught, and that the court erred in decreeing the will valid, still the appellants could not succeed, for whether the decree was right

or was wrong can not be inquired into in this collateral action. If the court had jurisdiction, then the decree is effective even though questions were decided which ought not to have been determined, or were erroneously decided.

The appellants' remedy was to institute some action to review or annul the decree, and not to treat it as a mere nullity, for as long as it stood unreversed and in force it barred their progress toward the destruction of Mrs. Faught's title. If they had made a direct attack upon the decree, we should have had a very different question facing us.

Judgment affirmed.

Filed Nov. 26, 1884.