### STANBROUGH *v.* STANBROUGH ET AL.

[No. 3,775.   Filed May 28, 1901.]

SPECIFIC PERFORMANCE.—*Husband and Wife.—Divorce.—Land Purchased by Husband.—Deed Taken in Name of Wife.*—The purchaser of a lot took a bond for a deed, and afterward paid the full purchase price. The purchaser's wife procured the vendor to make the deed for the lot to her without the purchaser's knowledge or consent. The purchaser and his wife continued to live together for several years after the deed was made to her, and when she sued for divorce he had knowledge that she claimed the property as hers. He appeared and defended in the divorce proceeding, and the question of alimony was not raised. He asserted no claim to the property until after the divorce was granted to his wife, then he sought specific performance. *Held,* that as the question of alimony was not raised in the divorce suit, it would be inequitable to enforce specific performance against the wife, as it would work a hardship on her, for if he is entitled to specific performance she is entitled to alimony.

From Hamilton Circuit Court; *Theo. P. Davis,* Special Judge.

Action by Elias Stanbrough against Harriett Stanbrough and others to recover real estate. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*S. D. Stuart* and *C. G. Reagan,* for appellant.

*T. E. Kane, T. J. Kane* and *R. K. Kane,* for appellees.

ROBINSON, J.—In September, 1875, appellant purchased from appellee Stevenson a lot, receiving from him a title bond for a deed. Appellant afterwards paid the full purchase price and in February, 1877, appellee Stanbrough, who was then appellant's wife, procured Stevenson to make the deed to her in her own name which was done without appellant's knowledge or consent. Appellant and appellee Stanbrough continued to live together as husband and wife until in 1896. At this time she claimed she was the owner of the property and that appellant had no interest in it. In 1898, appellee filed a suit for divorce, to which action appellant appeared and made defense; the cause was heard and a decree entered divorcing the parties in June, 1898. In that suit no claim was made for alimony and none was given. At the time of the filing of the divorce suit appellant had knowledge of the fact that the deed had been made to appellee.

Appellant was the equitable owner of the land when the deed to appellee was executed. The legal title had not yet vested in him. As appellee took the legal title with knowledge of appellant's equitable title she held it as did her grantor, and, before the divorce, he could have maintained against her a suit for specific performance. *Hills* v. *Hills*, 94 Ind. 436.

It is true the complaint avers that the wife took the title without the knowledge or consent of appellant. But it appears that about two years before the decree for divorce appellant knew of her claims and that about that time she denied his interest and claimed the property as her own. Nor does it appear from the complaint that during the many years they lived together as husband and wife he claimed to own the property, but it is shown that he appeared and defended the suit for divorce after he knew she was claiming to own it. He made no effort to sustain his claim to the property until after the divorce was granted, and he begun this action during the same month that the decree for divorce was rendered.

The complaint shows that no alimony was asked in the divorce suit and none was given. But it is well settled that alimony must be adjudged in the divorce case or not at all, that it is an incident of a suit for divorce without any prayer for it, and that in determining the alimony to be allowed it is necessary to have evidence concerning all matters of property which have transpired between the parties and adjust the alimony as the circumstances of the particular case require. *Muckenburg* v. *Holler,* 29 Ind. 139. In the above case a husband erected a dwelling-house on a lot belonging to his wife and two children by a former marriage, upon an agreement that he should take the rents and profits until reimbursed for his expenditures. He never received any rents. They were afterwards divorced. Before the divorce they agreed that he should release his claim to rents and profits and that she should pay him $200 one day after the divorce was granted; suit on her contract. The court held such a contract contrary to the policy of the law, but in the opinion said: "All questions of property between the parties, like that in controversy here, are thus in litigation in a suit for divorce, and must there be settled. The complaint here shows that the parties have been divorced. It shows, therefore, by legal inference, that the subject-matter of this suit was there settled and put at rest." See *Behrley* v. *Behrley,* 93 Ind. 255. *Rose* v. *Rose,* 93 Ind. 179; *Fischli* v. *Fischli,* 1 Blackf. 360, 12 Am. Dec. 251.

In the case of *Hills* v. *Hills,* 94 Ind. 436, while the parties were husband and wife, the husband contracted for a lot and was to receive a deed upon payment of the purchase price. He paid about half of the purchase money, the balance having become delinquent it was paid by the wife and the deed executed to her. Afterwards the parties were divorced, no judgment for alimony having been rendered. The husband knew before the divorce trial that the wife had obtained the deed and claimed the property thereunder. In the opinion the court said: "When she obtained a divorce for his fault,

she was entitled to recover a judgment for alimony in a proper amount, to compensate her for the loss of her interest as a wife in his estate. He stood by, knowing her claim in regard to this property, and made no adverse claim, while she changed her situation, so as to preclude her from any claim upon him for alimony. If he should now prevail against her, he would take from her the property, leaving no interest remaining in her as a marital interest or in lieu thereof. The granting of specific performance of a contract is a matter of sound judicial discretion, to be exercised upon a consideration of all the circumstances of the particular case. The appellant has not seasonably and in good faith offered to perform his part of the contract. Hardship and injustice to the appellee would follow an enforcement of the contract against her; and the granting of specific performance can not be accompanied with such conditions as will obviate hardship and injustice; for, if the appellant should have specific performance, the appellee ought to have alimony. A court of equity can not thus be made use of to gain assistance in doing an unfair and unconscionable thing. A decree for specific performance should be strictly equitable." It is true in the above case the wife had paid part of the money, but we think the above language applicable to the case at bar.

There is nothing in the case of *State, ex rel.,* v. *Parrish,* 1 Ind. App. 441, contrary to the above. In that case it was held that separate property of the wife is not affected to her injury by a divorce, and that the right of the wife to money held in trust for her by the husband, and recognized by them as her separate property, is not affected by the divorce.

Judgment affirmed.