Charles Speck, Trustee of Nancy Dausman et al., Appellant, *v.* Henry Dausman, Respondent.

### April 29, 1879.

1. A contract between husband and wife, so framed as to have effect only on condition that a divorce is granted without alimony, will not be enforced.
2. That the contract is made through the intervention of a trustee, and that the papers are in escrow, does not change the aspect of the transaction; and it is immaterial that the divorce is obtained for good cause, and is defended in good faith.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

W. B. THOMPSON, for appellant : The contract was not executed until a divorce was obtained between the parties, and when an actual separation had taken place ; and when executed, the provisions thereof referred to the alimony and support of the wife, and were in all respects valid. — 2 Story's Eq., sects. 1427, 1428 ; *Simpson* v. *Simpson*, 4 Dana, 141 ; *Wilson* v. *Wilson*, 14 Sim. (in 37 Eng. Ch. Rep.) 405 ; *Bittle* v. *Wilson*, 14 Ohio, 257 ; *Hutton* v. *Hutton*, 3 Barb. 100 ; *Chapman* v. *Gray*, 8 Ga. 341 ; *Wells* v. *Stout*, 9 Cal. 479 ; *Carson* v. *Murray*, 3 Paige, 483, 501 ; Hill on Tr. 426 ; *Nicholas* v. *Palmer*, 5 Day, 47 ; *Reed* v. *Beazley*, 1 Blackf. 97 ; *Daggett* v. *Daggett*, 5 Paige, 509 ; *Wallingsford* v. *Wallingsford*, 6 Har. & J. 485 ; *Threewits* v. *Threewits*, 4 Desau. 560 ; *Hooper* v. *Hooper*, 1 Sw. & Tr. 602 ; *Blake* v. *Blake*, 7 Iowa, 46.    And specific performance of such a contract may be decreed, though there be no covenant by the trustees to indemnify the husband against the wife's debts. — *Frampton* v. *Frampton*, 4 Beav. 287 ; *Clough* v. *Lambert*, 10 Sim. 174 ; *Jodrell* v. *Jodrell*, 9 Beav. 45 ; *Wilson* v. *Wilson*, 14 Sim. 405.

DAVIS & SMITH, for respondent : The agreement is illegal, as tending to produce collusion. — Bishop's Mar. & Div., sect. 595 ; *Daggett* v. *Daggett*, 5 Paige, 509 ; *Carson* v. *Murray*, 3 Paige, 501.

BAKEWELL, J., delivered the opinion of the court.

Pending a proceeding for divorce by Nancy Dausman against respondent, the parties to the suit entered into a written agreement, through the intervention of a trustee for the wife, whereby it was agreed that the husband would never claim any of the personal property then in the possession of the wife, or which she might afterwards acquire ; and that he would convey to her certain parcels of real estate in trust for her during her natural life, out of the

rents of which she was to support her daughter by the marriage. The husband was to pay off an encumbrance of $15,000 on the real estate named, within three years. In case of her marrying again, the rents to be divided equally between Mrs. Dausman and her daughter. The husband further agreed to convey the remainder, subject to the life-estate of Mrs. Dausman, to the two children of the marriage, and to make a certain provision named for the education of his son by the marriage.

It was further agreed that the husband should be freed from all claim of the wife for alimony or maintenance; and that the contract and deeds and certain insurance policies, assigned in blank, should be deposited with a third person, to be held till the termination of the divorce suit. If the divorce was obtained without alimony, then the deeds, policies, and one copy of the contract to be delivered to Mrs. Dausman's trustee. If the decree was denied, or granted with alimony, then the contract to be void.

The allegation is that the divorce was obtained without alimony, and the papers delivered according to the terms of the contract, and that respondent has not performed his covenant to pay off the deed of trust; and damages are asked for this breach of contract.

The defence set up is that the contract was collusive, illegal, and void. On the trial, plaintiff offered to prove the allegations of the petition; that the divorce was obtained for good cause, and that it was defended in good faith, and every prayer of the bill granted except that for alimony.

The court excluded all the testimony, on the ground that the contract could not be enforced. Plaintiff took a nonsuit with leave, and the cause is brought here on appeal from the action of the court in refusing to set this nonsuit aside.

Appellant refers us to *Wilson* v. *Wilson*, 1 H. L. Cas. 538, and other English cases, in which the Court of Chancery has exercised jurisdiction in giving effect to articles of

separation between husband and wife, so far as they regard an arrangement of property agreed upon. Separation deeds have been recognized in England, though eminent equity judges have expressed their surprise how they came to be recognized by any court. The cases are those in which sufficient causes of divorce exist and are compromised; and the chancellor, assuming that there must be a separation, and that the Ecclesiastical Court would award it, provides accordingly, and confirms an arrangement as to property. Thus the evils of a divorce are avoided where a divorce might be, and but for the separation deed would be, obtained. No deed is ever carried into effect, in England, which looks to the possibility of the parties living together and to a future separation. See the cases in the argument of counsel and the opinion of the court in *Wilson* v. *Wilson, supra*.

These cases are not in point. It is quite settled that contracts between husband and wife, so framed as to have effect only on condition that a divorce should be granted, are contrary to public policy, and will not be enforced by the courts. Their tendency is to interest the party to be benefited in procuring or permitting a divorce. And though chancery will recognize and enforce some liabilities between husband and wife growing out of implied trusts, and even some growing out of express contracts, yet the courts will never lend themselves to the enforcement of a contract intended to promote the dissolution of marriage.

The wife could not contract for alimony whilst the marriage existed; and such pretended agreements, if they are to have any force, must be subjected to the examination of the divorce court, and derive their sanction from a decree made by the court with a knowledge of the facts. If fair and equitable, the arrangement between the parties will receive the sanction of the court. If concealed from the court, their tendency is to produce collusion.

Such an agreement is regarded in law as a fraud upon the

court and upon the administration of justice, and no action will lie upon it. *Belden* v. *Munger,* 5 Minn. 211; *Muck-enburg* v. *Holler,* 29 Ind. 139; *Daggett* v. *Daggett,* 5 Paige, 509; Bishop's Mar. & Div., sect. 435. The fact that the papers in this case were in escrow, and the deeds and agreement were not to be delivered by the person in whose hands they were left, until a decree was obtained according to the terms of the agreement, in no way changes the illegal aspect of the transaction. The delivery had a relation back to the date of the agreement, and the pretended contract which the Circuit Court was asked to enforce was made, not after the divorce, but whilst the suit was pending.

The judgment of the Circuit Court is affirmed. All the judges concur.