MORRIS ROSENFELD, Respondent, v. ROSA ROSENFELD, Appellant.

St. Louis Court of Appeals, May 19, 1896.

Divorce: ABANDONED ATTEMPT AT COLLUSION. An attempt by the plaintiff in a suit for divorce to effect collusion, if made after the institution of the suit and repudiated by the defendant and abandoned long before the trial, is not fatal to the plaintiff's cause of action.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

*Montague Lyon* and *D. D. Fisher* for respondent.

ROMBAUER, P. J.—The plaintiff obtained a decree of divorce from his wife, which the defendant seeks to vacate on the ground that the decree is opposed to the weight of the evidence, and was brought about by collusion. The ground of divorce stated in the petition is that the defendant was guilty of such indignities toward him as rendered his condition intolerable. The answer is a general denial, and the setting up of a collusive agreement for divorce in bar of the present action.

The facts established at the trial by the weight of the evidence were substantially as follows: The spouses were both somewhat advanced in age when they married, and the marriage was a second venture on the part of each. Shortly after the marriage the defendant was seized with fits of jealousy, for which, according to her own admission upon the trial, there was no cause. She continually accused the plaintiff of adultery, not only in conversation with him but to third parties, and finally seems to have been seized by a mania that her husband intended to poison her. He remonstrated with her continuously, but was finally compelled to leave her, being repeatedly threatened with personal violence on her part. The truth of many of these facts was corroborated by several witnesses, although denied by the defendant herself. It also appeared upon the trial that the defendant attempted to suborn some witnesses to give false testimony on her motion for alimony, so that, even if the plaintiff's testimony were uncorroborated, we could not put the trial court in the wrong for crediting it in preference to that of the defendant. *Owen v. Owen*, 48 Mo. App. 208–212. Hence, there is no merit in the complaint that the decree is opposed to the weight of the evidence.

Proceeding to the second branch of the case, we find no evidence whatever that any collusion existed between the parties at the date of the institution of the suit, or that any collusion existed at the date of the trial. There is substantial evidence that, after the institution of the suit and before the trial, inducements were held out to the defendant not to appear and defend. Defendant's counsel probably advised the defendant that such an agreement was unenforcible at law (*Speck v. Dausman*, 7 Mo. App. 168; *Schmieding v. Doellner*, 10 Mo. App. 375; *Blank v. Nohl*, 112 Mo.

159); and the agreement, if it ever existed, was repu-' diated on her part long anterior to the trial of the cause. That it was thoroughly repudiated is fully established by her own testimony on the stand, the vigorous defense made by her upon the trial and the very fact of setting up the agreement in bar of a decree.

Proof of collusion prior to the institution of the suit is necessarily fatal to that proceeding. The plaintiff is bound to make oath that the suit is not instituted collusively (R. S. 1889, section 4501); and, if such collusion existed at the date of the institution of the suit, it is conclusive against the plaintiff's right of action. *Kilborn v. Field*, 78 Pa. St. 194. If it exists at the date of the trial, it is, if established, conclusive against the decree, because both under the decisions and on principle it is a fraud upon the court. Cases are numerous in which decrees have been denied, or have been vacated, because collusion was shown to have existed at the date of the institution of the suit or at the date of the trial, and that, regardless as to whether the plaintiff had good ground for divorce. We are, however, aware of no case which goes to the extent of holding that an attempted and executory collusive agreement, fully and unequivocally repudiated before the trial, and before any preparation for trial, and duly disclosed to the court upon the trial, is fatal to a decree for plaintiff. In the only case in which the question directly arose, *Loveren v. Loveren*, 106 Cal. 509, such a position was held untenable. A court is not warranted in saying to the plaintiff in effect: "You had legal grounds for a divorce when you brought your suit, and you have fully established them by the evidence; but in the interim you attempted to do something you ought not to have attempted. Hence,

I will dismiss your suit; but, if you bring another suit to-morrow, I will grant you a decree.''

. All the judges concurring, the judgment is affirmed.