(May 18, 1923.)

ELIZA RULE, Appellant, v. L. T. POPE and STELLA SPAULDING POPE, His Wife, Respondents.

[215 Pac. 532.]

SPECIFIC PERFORMANCE—WHEN RELIEF WILL BE DENIED—WAIVER OF RIGHT—EVIDENCE HELD SUFFICIENT TO SUPPORT JUDGMENT.

1. Equity will not award specific performance of a contract to convey real property where the party seeking such relief has been guilty of laches, or has not offered to do equity.

2. Where the holder of a tax deed agrees to quitclaim his interest to the former owner, who thereafter brings an action to set aside the tax deed and quiet title in herself, free from such deed, and the action fails, the tax deed being upheld, it is a waiver of her right in a subsequent action to compel specific performance of the agreement to convey.

3. The evidence examined and *held* sufficient to support the findings, conclusions and judgment denying specific performance.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. F. Reddoch, Judge.

Action for specific performance. From judgment for defendants, plaintiff appeals. *Affirmed.*

Clarence S. Hill, James L. Boone and Hugh N. Caldwell, for Appellant.

Where fraud is made the basis for relief from the obligation to perform a contract such fraud must be as to a material fact connected therewith. (20 Cyc. 99; 2 Pom. Eq., secs. 890, 898; *Isaacs v. Skrinka,* 95 Mo. 517, 8 S. W. 427.)

Where false statements are made the basis for relief from the obligation to perform a contract, such false statements must be believed and relied upon by the injured party.

Publisher's Note.

1. Laches as defense to action by vendee where contract does not fix time for performance of contract for sale of land, see note in Ann. Cas. 1915B, 1109.

(*McFadden v. Heisen,* 31 Ida. 689, 175 Pac. 814; *Crotty v. Effler,* 60 W. Va. 258, 9 Ann. Cas. 770, 54 S. E. 345; *Greenstrat v. Walsch,* 189 Mo. App. 533, 176 S. W. 1062; *Wegeforth v. Wiessner,* 134 Md. 555, 4 A. L. R. 374, 107 Atl. 364; *Hallidie v. Trust Co.,* 177 Cal. 600, 171 Pac. 431.)

Where a contract has been entered into by reason of fraudulent representations, the injured party must, within a reasonable time after the discovery of the fraud, rescind the contract and tender back whatever consideration he has received under the contract. (*Gallagher v. O'Neill,* 78 Neb. 671, 111 N. W. 582; 2 Pom. Eq., sec. 897; *Del Campa v. Camarillo,* 154 Cal. 647, 98 Pac. 1049; *Burke v. Ellis,* 44 Tex. Civ. App. 21, 97 S. W. 321; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

Where one who has been induced to enter into a contract through fraudulent representations, after discovery of the fraud, chooses to confirm the contract, then the fraud that would have been a defense in the first instance is waived. (*Burke v. Ellis, supra; Greenstrat v. Walsch, supra; Gallagher v. O'Neill, supra;* 2 Pom. Eq., sec. 897.)

Rhodes & Partridge, for Respondents.

The appellant in seeking the interposition of a court of equity must come with clean hands and be free from the imputation of fraud, trickery and unfair dealing. (*Harton v. Little,* 188 Ala. 640, 65 So. 951; *Miller v. Kraus* (Cal.), 155 Pac. 834; *Swanson v. Sims,* 51 Utah, 485, 170 Pac. 774; *Rudnick v. Murphy,* 213 Mass. 470, Ann. Cas. 1914A, 538, 100 N. E. 643; *Johnson v. Murphy,* 36 Cal. App. 469, 172 Pac. 616.)

The appellant in disregarding the contract and seeking to have respondent's title declared invalid repudiated and abandoned the contract and cannot now enforce it. (*Conrad v. Lindley,* 2 Cal. 174; *Brown v. Covillaud,* 6 Cal. 566; *Losher v. Loffler,* 190 Ill. 150, 60 N. E. 85; *Enkema v. McIntyre,* 136 Minn. 293, 2 A. L. R. 411, 161 N. W. 587; *Thackery v. Knight,* 57 Utah, 21, 192 Pac. 263; *Goldthait v.*

*Lynch* (Cal.), 33 Pac. 699; *Thaxter v. Sprague,* 159 Mass. 397, 34 N. E. 541.)

The respondent was not bound to rescind the contract but could wait until the appellant sought to enforce it and then set up his defense. (*Caples v. Morgan,* 81 Or. 692, 160 Pac. 1154, L. R. A. 1917B, 760; *Hart v. Church,* 126 Cal. 471, 77 Am. St. 195, 58 Pac. 910; *Evans v. Duke,* 6 Cal. Unrep. 973, 73 Pac. 732; *Frank v. Davis,* 34 Ida. 678, 203 Pac. 287.)

It is not necessary that the statements made be the sole cause for the injured party acting, but if such statements were a contributing factor it is sufficient. (*Allen v. Pendarvis,* 60 Okl. 216, 159 Pac. 1117; *MacDonald v. De-Fremery,* 168 Cal. 189, 142 Pac. 73; *Baker v. Matthew,* 137 Iowa, 410, 115 N. W. 15; *Laska v. Harris,* 215 N. Y. 554, 109 N. E. 599; *Windram v. French,* 151 Mass. 547, 24 N. E. 914, 8 L. R. A. 750.)

WILLIAM A. LEE, J.—This is an action by appellant to enforce specific performance of an agreement to sell real estate.

March 12, 1912, respondent purchased tax sale certificates from Boise county covering the land involved, the certificates being for the years of 1904 and 1907. The tax deed was issued May 15, 1912, upon the 1904 certificate.

In July, 1913, S. T. Schreiber, an attorney then representing appellant, stated to respondent that he had examined the records of Boise county with reference to the delinquent taxes for these years, that the sales certificate for 1907 was void because the taxes for that year had been paid by appellant, who held a receipt for the same, and that the taxes for 1904 had also been paid, and appellant held a post-office money-order receipt showing payment for that year.

Respondent went to the premises in question and took the matter up with appellant with a view of effecting a settlement, apparently in the belief that his tax deed could be avoided by reason of the information given him by the attorney. Appellant advised him that the matter was solely

with her attorney, and declined to take any action in the matter.

December 30th following respondent came to Boise and took up the matter of a settlement with the attorney, who repeated substantially the same statement that he had previously made in July about these certificates being void. Respondent, as grantor, then executed a contract to convey the premises upon which he held this tax deed to appellant for a consideration of $75, the amount of taxes he had paid for the certificate for 1904. The attorney at the time of the execution of this agreement to convey paid respondent $40 of the consideration; the agreement provided that the remaining balance of $35 was to be paid upon the delivery of a quitclaim deed duly acknowledged at the State Bank at Notus, the grantor also to deliver abstract of title to the premises.

It appears that appellant's attorney prepared and forwarded a filled out form of deed to this bank, but did not accompany the same with the balance of the purchase price. Respondent called at the bank, received the proposed deed, and executed the same, calling for the remainder of the purchase price, but was informed by the bank that no money had been sent. He thereupon refused to accept the deed, stating that his wife would not join in the execution thereof until this balance was paid. It never having been paid, and no deed having been executed by respondent and his wife, this action to enforce specific performance was begun in 1919.

Prior to this, however, it appears that appellant and her counsel decided that in lieu of paying this balance or of relying upon this contract to convey, she would bring an action to quiet title to these lands, and in August, 1915, filed the same. During the pendency of that action, appellant and her counsel were again advised by respondent's counsel that if she would prepare a deed and pay the remainder of said agreed consideration, he would quitclaim the premises to her. This not having been done, the action to quiet title proceeded to judgment, and in December, 1917, the court

found for respondent and against appellant, holding respondent's title under the tax deed valid. Thereafter this action to compel specific performance was commenced, based upon the agreement of December, 1913.

In the instant case respondent set up two defenses: First that appellant had not paid or tendered payment of the remainder of the consideration; secondly, that he was induced to execute the agreement to convey by the false and fraudulent representations of appellant's counsel, made in July, 1913, and repeated in December of the same year, at the time it was executed. Upon the trial of the cause, the court found for respondent on all material issues tendered by the pleadings, to the effect that the parties had entered into the contract to convey on December 30, 1913; that the land had been subject to taxation for the years mentioned, and had become delinquent; that said agreement to convey was induced by appellant's counsel, who with intent to deceive and defraud, wilfully and falsely represented to respondent that his tax deed was wholly void; that all of said attorney's statements were false and untrue; that said tax deed was not void; that respondent had tendered back the $40 paid on the purchase price, with accrued interest; that after receiving such agreement to convey, appellant commenced an action to set aside the tax deed and quiet title to the premises in herself, which resulted in judgment against her, the tax deed being upheld. As a conclusion therefrom the court held that appellant take nothing by her action. From the judgment entered upon these findings and conclusions this appeal is taken.

It would be difficult to conceive of a controversy, great or small, giving rise to more useless litigation than this one appears to have done. After the execution of the agreement to convey in 1913 and the payment of $40 thereon, nothing further remained to be done on the part of appellant other than to pay the remaining $35 and receive the deed. Not having done this, or offered any reason for failing to do so, she appears to have abandoned her reliance upon the agreement and instituted the action to set aside respondent's

tax title and quiet title in herself. The whole transaction between the parties, speaking generally, involves the single issue of which of these parties should have title to these premises. It is inconceivable why appellant or her counsel should have deemed it necessary to bring two separate and distinct actions to determine that matter.

However that may be, in the cause before us on this appeal the findings of fact by the trial court are supported by the evidence, and in addition to this, appellant, who is seeking equitable relief, has not shown herself to be ready to do equity, and apparently has been guilty of such laches that a court of equity cannot grant her the relief asked. Appellant's action to set aside the tax deed and have title quieted in her was in effect a waiver or abandonment of her rights under the agreement of 1913 to convey. The bringing of her action to quiet title to these same premises in 1915, and her long delay in resorting to this form of action, under the facts and circumstances disclosed should preclude her recovery in this action.

No reason appears why in the former action either party to that action could not have set up all the facts upon which they respectively rely in support of their claims to title, and had the entire matter disposed of.

Upon the findings and conclusions, which are amply supported by the evidence, the judgment of the court below denying specific performance should be affirmed, and it is so ordered. Costs to respondents.

McCarthy and Dunn, JJ., concur.