**NEELY v. BROAD STREET NAT. BANK OF RED BANK et al.**

**No. 4585.**

District Court, D. New Jersey.

March 9, 1936.

Heine & Laird, of Newark, N. J. (M. Casewell Heine, of Newark, N. J., and Albert G. Avery, of New York City, of counsel), for plaintiff.

Quinn, Parsons & Doremus, of Red Bank, N. J., for defendants.

FAKE, District Judge.

The issues here arise on a motion to dismiss the bill of complaint on the ground that the action disclosed is not cognizable in equity, and on the further ground that the plaintiff was put to an election and, having elected to proceed for the probate of a will in the state court, the issues are res judicata.

The complaint alleges that Eliza A. S. Calef entered into an agreement with the plaintiff, whereby she undertook to make a last will and testament favoring him in certain particulars in consideration of services rendered and to be rendered by him in her behalf. She died on the 25th day of November, 1929, intestate. She had, however, executed a will in plaintiff's favor, but the original thereof could not be found after her death. Proceedings were then instituted to probate a carbon copy of said will, the result of which was a decision in the Prerogative Court of New Jersey holding that the said Eliza A. S. Calef had destroyed the said will animo revocandi. See the opinion of Vice Ordinary Berry in Re Calef's Will, 109 N. J.Eq. 181, 156 A. 475.

The plaintiff seeks specific performance as to the property, which would have become his if the agreement to make the will had been performed, and prays to that end that a trust may be impressed upon the property of the estate now in the hands of defendants and that an accounting be had.

The agreement as set out in the complaint provides: " * * * That said

Eliza A. S. Calef would make, execute and leave on her death, her last will and testament wherein she would provide that plaintiff should be her residuary legatee and devisee after provisions for certain legacies to some intimate friends and servants, and executor thereof, and would forthwith convey to plaintiff the legal title of her property at Sea Bright * * * known as 'Bagdad'. * * *" Shortly after the aforesaid agreement was entered into, a deed was made to plaintiff conveying the property known as "Bagdad," and he entered into possession thereof, and within two weeks after said conveyance Eliza A. S. Calef executed a will in conformity with the agreement and delivered same to plaintiff for safe-keeping. About seven years after the execution of the aforesaid deed and will, plaintiff reconveyed "Bagdad" to Eliza A. S. Calef, and the bill recites: "* * * That said re-conveyance was made solely for the purpose of clearing off a cloud or encumbrance upon the legal title of said premises in connection with the sale of a small portion thereof and was understood and agreed by the parties to in no way divest this plaintiff of the actual and beneficial interest therein and was made in reliance by the parties upon the then existence unrevoked of the said last will and testament. * * *"

Before specific performance can be decreed, it must appear that the contract upon which the action is founded is certain in its terms or that the terms are susceptible of ascertainment. In this connection it is urged that the agreement is not certain, in that there is no allegation as to the limit to be placed upon those provisions of the will, which were to provide for "friends and servants." It should be noted that the complaint alleges the execution of a will in which provisions were made for "friends and servants," reference, therefore, to such a will would furnish the certainty which does not appear upon the face of the complaint. Such evidence is permissible, if it appears that the will was executed in conformity with the agreement, since it then forms part of the evidence of the agreement. It is not fatal that the original will is destroyed.

If a true copy is properly proven, it would be competent as evidence for present purposes.

It is argued that specific performance cannot be granted because this court has no power to appoint the plaintiff an executor as provided by the terms of the agreement, and, if the agreement cannot be performed in its entirety, it cannot be performed in part. There are exceptions to the rule thus announced, and, when it appears that the unenforceable part of an agreement is of slight consequence and has no great bearing upon the main objects of the agreement, equity will permit it to be weighed against full performance on the other side and may, as here, conclude that it is not sufficient to deprive the court of jurisdiction.

It is further argued that the contract set out in the complaint is a mere agreement to make a will and leave the same to become effective upon the death of the testatrix, and, nothing else appearing, an action for damages lies, thus depriving the equity court of jurisdiction. The complaint, however, sets up something more than a bare agreement to make a will. It alleges that, in reliance upon the existence of the will so made, the plaintiff continued to perform services for decedent and parted with title to the premises known as "Bagdad" at Sea Bright to decedent, and here seeks equitable redress in a conveyance of that property back to him.

The action in the state court does not amount to a decision of the issues here. It would be premature to institute an action for specific performance based on an agreement to make a will until it was first definitely decided that no conforming will was actually in existence. It follows that the attempted probate was a necessary condition precedent to the institution of this action, and the question of election does not arise.

Aside from other considerations which might be mentioned, the allegations concerning the "Bagdad" property are sufficient to hold the case in equity.

The motion to dismiss is denied.