Arvel FARROW, Appellant,

v.

May FARROW, Floyd Farrow, Earl Farrow, Olan Farrow, and May Zella Farrow Johnston, Respondents.

No. 44460.

Supreme Court of Missouri.

Division No. 1.

April 11, 1955.

Thurman, Nixon & Blackwell, Earl R. Blackwell, Hillsboro, for appellant.

Dearing & Matthes, M. C. Matthes, Hillsboro, for respondent, May Farrow.

H. L. C. Weier, Hillsboro, Guardian ad litem, for respondent May Zella Farrow Johnston, a minor.

WESTHUES, Judge.

An opinion was prepared in this case by Lawrence Holman, at that time Judge of the Ninth Judicial Circuit, sitting as

Special Judge in this court by transfer order. Judge Holman has since been appointed as a Commissioner in Division I of this court and is so serving. The opinion did not receive a majority vote and the case was reassigned. The following portion of Judge Holman's opinion, which appears without quotation marks, was approved by all of the judges and is therefore adopted as a part of this opinion. The last six paragraphs have been added by the present writer.

Plaintiff (appellant), Arvel Farrow, instituted this action against defendant (respondent), May Farrow Harness, alleging in his petition that each of the parties owned an undivided one-half interest in certain lands located in Jefferson County, Missouri, which he sought to partition.

In due time defendant filed an answer denying that plaintiff had any interest in said real estate and praying for a decree compelling specific performance by plaintiff of a contract previously entered into by said parties. The contract referred to is as follows:

"This Contract and Property Settlement made and entered into this 25th day of March, 1946, by and between Arvel Farrow, as first Party and May Farrow, as second Party,

"Witnesseth: That the above parties are now husband and wife; that the First Party has this day filed petition for a divorce between them and in consideration of the mutual division of their property, both person (personal) and real estate, the First Party agrees to the following condition and performance:

"1. The First Party, the said Arvel Farrow, is, if and when the divorce is granted, to immediately deed to the Second Party, all his interest in the following described real estate:

"The real estate described in a deed dated 16th day of June, 1944, wherein Robert H. Reed is grantor, and Arvel Farrow and May Farrow, his wife, are grantees, recorded in Book 154, at page 592, on the 16th day of June, 1944.

for and during her natural life, then to their children, namely Floyd, Earl, Donald, Olan and Zella May (May Zella).

"2. It is understood and agreed by and between the parties thereto, that in the event May Farrow remarried, she is to remove from the homestead, but is to retain the income therefrom.

"In witness whereof, the parties hereto have hereunto set their hands and seals, this 25th day of March, 1946." (Signatures and acknowledgment omitted)

Thereafter the children mentioned in the contract filed a motion alleging that they had an interest in said land and sought to be made parties defendant. This motion was not ruled upon but subsequently plaintiff filed an amended petition in which he named said children as additional defendants alleging that they claimed some interest in the real estate the nature of which being unknown to him. An answer was filed by the guardian ad litem for May Zella Farrow Johnston, a minor defendant, but no pleading was filed by the other children after they were made defendants.

Plaintiff's amended petition was in two counts. The first was similar to the original petition and prayed that the land in question be partitioned. In the second count plaintiff requested alternative relief asserting that defendant May Farrow Harness had remarried but had not removed from the land described in the contract and prayed that, in the event the court ordered specific performance, said defendant be required to perform her agreement to move from said land.

The case was submitted to the trial court upon an agreed statement of facts. It appears that on March 25, 1946, the plaintiff and defendant May Farrow Harness were husband and wife and owned the land involved herein as tenants by the entirety. They were the parents of five children, to-

wit: Floyd Farrow, Earl Farrow, Donald Farrow, Olan Farrow and May Zella Farrow Johnston. Upon the day heretofore mentioned plaintiff filed a suit for divorce against his wife, May Farrow. Thereafter, upon the same day, the aforesaid contract was executed by said parties. On April 16, 1946, plaintiff was granted a divorce in the Circuit Court of Jefferson County. It does not appear as to what pleading the wife filed in that suit or whether or not she contested the action. It is stipulated, however, that the contract heretofore mentioned was not made known to the court or made a part of the decree nor was any other agreement settling property rights filed in said proceeding. After the divorce was obtained by Arvel Farrow he did not convey to May Farrow and the children any of his interest in the real estate described in the aforesaid contract. May Farrow has since remarried but continues to reside, with her present husband, upon the realty in controversy.

The decree of the trial court provided that the first count of the petition be dismissed and that the defendants were entitled to specific performance of the contract. It was accordingly decreed that plaintiff had no interest in the real estate therein described and that defendant Harness was the owner in fee of a one-half interest therein and owned a life estate in the remaining one-half thereof, the children heretofore named being the owners of this one-half interest, subject to the life estate of their mother. The decree did not require that defendant Harness remove from said premises as sought by plaintiff in the second count of his petition.

■ The plaintiff has duly appealed from the judgment and decree of the circuit court and the cause is now before this court for review. It is clear that we have jurisdiction since title to real estate is involved. Article V, Section 3, Constitution of Mo. 1945, V.A.M.S.

Our first task is to determine the validity of the contract which forms the basis of the controversy between these parties. The plaintiff contends that the agreement is void because it is collusive, against public policy,

was a fraud upon the court, and that its terms are in restraint and derogation of the marriage contract. If plaintiff is correct in his contention it would necessarily follow that the contract should have been declared void and partition ordered between plaintiff and his former wife.

■ It is well settled that a husband and wife, in contemplation of separation and divorce, may contract between themselves to settle and adjust all property rights arising out of the marital relation. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; Bishop v. Bishop, Mo.App., 162 S.W.2d 332; Ellis v. Ellis, Mo.Sup., 263 S.W.2d 849. However, it is elementary that if the agreement provides that a party will not defend a divorce suit or if it may be construed as an agreement designed to bring about and promote a divorce, the public policy of this state requires that it be adjudged void. Bloss v. Bloss, Mo.Sup., 251 S.W.2d 78.

■ In support of his contention that the agreement was collusive and had as its objective the dissolution of the marriage contract, plaintiff points to the provision that he was to make the conveyance "if and when the divorce is granted." Plaintiff relies principally upon the cases of Jones v Jones, 325 Mo. 1037, 30 S.W.2d 49, and Speck v. Dausman, 7 Mo.App. 165, as authority for this argument. The Jones case is clearly not applicable as the contract there under consideration specifically provided that the wife "agrees not to make any contest" in the proposed divorce action. Speck v. Dausman, supra, does lend some support to the contention of the plaintiff as the court therein said, "It is quite settled that contracts between husband and wife, so framed as to have effect only on condition that a divorce should be granted, are contrary to public policy, and will not be enforced by the courts." The opinion in the Speck case is difficult to understand and has received various interpretations. We think, however, that if it is construed to mean that property settlement agreements between a discordant husband and wife are void, if they provide that they shall not take

effect until such time as a divorce may be granted, then the case has been overruled, by implication, by later decisions of the St. Louis Court of Appeals and should not be followed. Bishop v. Bishop, supra. We approve the language used in the case last cited, wherein it is said [162 S.W.2d 335] that, "We are unable to see how a contract could be made in contemplation of a divorce unless it is made to become operative only in the event a divorce is granted." Having concluded that the provision complained of would not invalidate the contract, we rule this point against plaintiff.

■ Plaintiff next contends that the parties perpetrated a fraud upon the court in the divorce case by their failure to disclose the existence of this agreement. It is further argued that this fact is strong evidence of collusion. We are unable to agree with plaintiff in this regard. While some of the earlier cases contain statements that the concealment of the agreement from the court is evidence of collusion, all of the more recent and controlling decisions state unequivocally that valid and binding agreements of this nature may be entered into without submitting the same to the court which may thereafter hear and determine the divorce case. Ellis v. Ellis, supra; Bloss v. Bloss, supra; State ex rel. Green v. James, 355 Mo. 223, 195 S.W.2d 669.

What we have heretofore said will indicate our view that the contract, about which we are here concerned, is valid and enforceable. In this connection it should be noted that the contract does not contain any provision that plaintiff will prosecute his divorce suit to a final conclusion nor does his wife release her right to seek alimony or agree not to contest the action. As a matter of fact, for all that appears in this record, the wife may have actually defended the case. It does appear that the contract may not contain all of the agreement between these parties as it refers to a division of personal property the details of which are not recited therein. However, neither of the parties makes any complaint as to this possible omission so we need not consider the effect, if any, this might have on the legal issues before us.

■ The next point advanced by plaintiff is that the court erred in decreeing specific performance as sought by defendant Harness because she failed to plead and prove compliance with her covenant to remove from the land upon remarriage, citing in support of this contention, Drake v. Hicks, Mo.Sup., 249 S.W.2d 358, and Long v. Rogers, Mo.App., 185 S.W.2d 863. We agree that the general rule is that a party seeking specific performance must ordinarily show that he has substantially complied with his obligations under the contract, or has offered to do so, before the other party will be required to perform. Exceptions to this rule are permitted, however, where a legal excuse is shown for failure to perform.

■ In the instant case the former wife was certainly not required to move from the land until plaintiff had deeded his half of the realty to her and the children as he had agreed to do in the contract. Had there been no question about the right to enforce the provision requiring removal it may be said that defendant should have been required in her answer to offer to remove in the event her prayer for specific performance was granted. However, as will hereafter appear, defendant Harness has contended in good faith in the trial court and again in this court that said provision should not be enforced. We believe a court of equity should not deny her the right to litigate that issue by requiring an offer of removal as a condition for granting specific performance of the remainder of the contract. It was proper that all issues relating to the validity and enforcement of the contract be determined at the trial and a decree rendered that would protect the rights of all parties.

Finally, plaintiff argues that the decree is erroneous because it fails to require that May Farrow Harness remove from the premises, thus compelling specific performance of the entire contract. In answer to this assertion said defendant contends that plaintiff is in no position to complain of this omission since he has been divested of all his interest in the land and further argues that equity will not enforce a provi-

sion that would in no way benefit the person seeking the relief. She relies upon Selleck v. Hawley, 331 Mo. 1038, 56 S.W.2d 387, 396; 81 C.J.S., Specific Performance, § 14, p. 438, and 49 Am.Jur., Section 61, page 76.

We have concluded that plaintiff by his conduct is in no position to ask a court of equity to compel his former wife to vacate the premises in question even though that was part of the agreement. By his action in partition, plaintiff repudiated the contract wherein he agreed to convey his interest to his former wife. In this court, as in the trial court, plaintiff contends the contract was void because it was against public policy. He, in effect, says to a court of equity that if he cannot have the property then he asks the court to compel the defendant, his former wife, to move from the premises. That "dog-in-the-manger" attitude evidently did not appeal to the trial judge. If this provision of the contract were enforced, it would not be of any benefit to the plaintiff. It might result in real damage to the defendant, the life tenant, and might also damage the remainder estate owned by the children. The contract was evidently made in part at least for the benefit of the children. Is there any reason that they should suffer to satisfy a whim of plaintiff?

■■ It is a general rule that in a specific performance case, a court of equity, if the relief be granted, will require enforcement of the contract in its entirety. 81 C.J.S., Specific Performance, § 158, p. 756. If in this case, the provision of the contract requiring the life tenant to move from the premises, in case of remarriage, could be said to be of any benefit to plaintiff, the decree should have required compliance with that provision. Plaintiff, by his partition suit and his contention that the contract was void, repudiated the contract. The rule is that such action justifies a court in refusing in a later action by the same party to enforce the contract. Rule v. Pope, 37 Idaho 165, 215 P. 532, loc. cit. 533(1, 2); George W. Blanchard & Sons Co. v. American Realty Co., 80 N.H. 161, 115 A. 4, loc. cit. 7(8); Foote v. Scarlett, 100 N.J.Eq. 137, 134 A. 865; Micheloni v. Troy Hills, Inc., 121 N.J.Eq. 117, 187 A. 168, loc. cit. 170, 171 (2–4); 81 C.J.S., Specific Performance, § 22, p. 454.

In the above cases the rule was applied to parties seeking specific performance. There is no reason that the rule should not be applied to plaintiff in this case.

■■ Refusal of the trial court to enforce the provision of the contract in question may also be justified on the theory that to do so would injure the remainder interest. The owners of this interest were not parties to the contract but since the contract was for their benefit the trial court would have been justified in considering their rights. 81 C.J.S., Specific Performance, § 19, p. 446. In the case of Neely v. Broad Street National Bank of Red Bank, D. C., 16 F.Supp. 839, loc. cit. 840(4, 5), a rule was stated which is applicable to the case at bar. Note what the court said: "It is argued that specific performance cannot be granted because this court has no power to appoint the plaintiff an executor as provided by the terms of the agreement, and, if the agreement cannot be performed in its entirety, it cannot be performed in part. There are exceptions to the rule thus announced, and, when it appears that the unenforceable part of an agreement is of slight consequence and has no great bearing upon the main objects of the agreement, equity will permit it to be weighed against full performance on the other side and may, as here, conclude that it is not sufficient to deprive the court of jurisdiction."

In the case before us the provision of the contract which the court did not require the life tenant to perform was of very slight consequence and of no benefit to plaintiff. Its enforcement might result in damage to the defendants.

It follows that the decree of the trial court must be and is hereby affirmed.

All concur.